NEMER *v*. MICHIGAN STATE BOARD OF REGISTRATION FOR ARCHITECTS, PROFESSIONAL ENGINEERS AND LAND SURVEYORS

1. QUO WARRANTO—PROFESSION—LICENSES—CONSTITUTIONAL LAW.

An original action of *quo warranto* in the Court of Appeals is an appropriate way for a licensed architect to test the constitutionality of the present composition of the board regulating the practice of his profession (Const 1963, art 5, § 5; MCLA § 338.553 *et seq.*; GCR 1963, 715).

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur, Quo Warranto § 36 *et seq.*
[2, 3] 33 Am Jur, Licenses § 84 *et seq.*
[4–6] 33 Am Jur, Licenses § 7 *et seq.*

2. CONSTITUTIONAL LAW—PROFESSIONS—LICENSES—REGULATION—INTENT.

The intent of the framers of the Constitution, by adding the requirement that a majority of the members of an appointed examining or licensing board of a profession shall be members of the profession, was that members of different professions would be licensed and governed by members of their own profession (Const 1963, art 5, § 5).

3. LICENSES—PROFESSIONS—REGULATION.

Members of the same profession are best equipped to judge and regulate their own profession.

4. LICENSES—PROFESSIONS—LEGISLATIVE POWER.

The legislature does not have the power to declare architects, engineers and land surveyors as members of the same profession for purposes of licensure since they have different duties, different educational requirements, and different functions.

5. CONSTITUTIONAL LAW—PROFESSIONS—LEGISLATIVE POWER.

To allow the legislature to define professions to include three different professions would be to nullify and not to effectuate the protection afforded by the state Constitution in the provision that a majority of the members of an appointed examining or licensing board of a profession shall be members of that profession (Const 1963, art 5, § 5).

6. CONSTITUTIONAL LAW — LICENSES — PROFESSIONS — STATUTES — ARCHITECTS.

The present board of registration for architects, professional engineers and land surveyors is unconstitutionally composed with respect to the licensing and regulating of architects because only three members of the board out of seven are architects (Const 1963, art 5, § 5; MCLA § 338.553a).

Original action in the Court of Appeals. Submitted Division 2 October 7, 1969, at Lansing. (Docket No. 6,215.) Decided December 4, 1969. Opinion modified by orders of December 12 and December 22, 1969.

Complaint by Basil Bernard Nemer against the Michigan State Board of Registration for Architects, Professional Engineers and Land Surveyors, for *quo*

*warranto* to test the authority of defendant to regulate the plaintiff in the conduct of his profession as an architect.   Judgment for plaintiff.

*Hyman, Gurwin, Nachman & Friedman,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Maurice M. Moule,* Assistant Attorney General, for Michigan State Board of Registration for Architects, Professional Engineers and Land Surveyors.

Before: QUINN, P. J., and BRONSON and T. M. BURNS, JJ.

OPINION AS AMENDED BY ORDER OF DECEMBER 12, 1969.

BRONSON, J.   This is not plaintiff's first encounter with defendant in this Court.   In *Nemer* v. *State Board of Registration for Architects, Professional Engineers and Land Surveyors* (1966), 5 Mich App 286, plaintiff sought judicial review of defendant's failure to certify plaintiff as an architect.   In the first *Nemer* case, plaintiff sought to have defendant board declared unconstitutional because a majority of its members were not architects.   See Const 1963, art 5, § 5.   There we held that such a contention was premature and inconsistent with the relief then sought.   We further indicated that if plaintiff wished to pursue such a course, his proper procedure would be *quo warranto* under GCR 1963, 715.   The instant case is the culmination of our suggestion.

Since the first suit, plaintiff has become a duly licensed architect in the State of Michigan.   As such, his professional activities are subject to the

scrutiny of defendant. Plaintiff wishes this scrutiny to cease. He contends that defendant is unconstitutionally composed because only three of its seven members are architects and the Constitution requires:

"A majority of the members of an appointed examining or licensing board of a profession shall be members of that profession." Const 1963, art 5, § 5.

The Attorney General, representing defendant, contends *quo warranto* is an inappropriate procedural vehicle. This is a spurious argument in light of the prior case between the same parties. There, the Attorney General's brief suggested plaintiff institute *quo warranto* to test defendant's constitutionality. Our Court agreed and in the opinion stated:

"If plaintiff questions the right of defendant board to perform its functions, his proper procedure would be an action for *quo warranto.*"

The Attorney General's inconsistency has little to commend it. Based upon our decision in the prior *Nemer* suit, and the Attorney General's recommendation, and the plain language of GCR 1963, 715, we hold that *quo warranto* is an appropriate vehicle by which to maintain this action. We reach the merits.

Long before the adoption of our 1963 Constitution, the legislature created the defendant board. PA 1937, No 240 (currently MCLA § 338.553 *et seq.* [Stat Ann 1957 rev and 1969 Cum Supp § 18.84(3) *et seq.*]). The statute provides, *inter alia,* for defendant board to consist of three architects and four professional engineers. The 1963 Constitution introduced a new provision not found in our prior constitutions requiring that a majority of the mem-

bers of an examining or licensing board of a profession shall be members of that profession. Const 1963, art 5, § 5, *supra.* *Prima facie,* it would seem that since only three members of defendant board are architects, and three being less than a majority, the defendant board is unconstitutionally composed to examine or license or regulate the architectural profession in the State of Michigan.

However, our legislature was not unaware of the problems created by the 1963 Constitution in regard to the defendant board. The legislature passed MCLA § 338.553a (Stat Ann 1969 Cum Supp § 18.84 [3a]), which provides:

"Solely for the purpose of determining a majority of the members of the examining or licensing board, architects, professional engineers and land surveyors shall be deemed to be members of 1 profession, notwithstanding the separate licensing and practice provisions of this act applicable to the separate classifications of such profession."

Thus, the question before this Court is the constitutionality of the above act in light of art 5, § 5, of the 1963 Constitution.

The intent of the framers of the Constitution was that members of different professions would be licensed and governed by members of their own profession. Members of the same profession are best equipped to judge and regulate their own profession. The language and purpose of the constitutional provision seem clear. However, the legislature has here declared that for purposes of this constitutional provision only, surveyors, engineers, and architects are all the same profession. Has the legislature the power to so declare? We think not in light of the purpose of the constitutional provision and the reasonableness of the statute involved.

The statute in question is an attempt to evade the purpose of the constitutional provision. That, in itself, does not necessarily invalidate the statute. However, the statute declares something which is not so. Architects, engineers and land surveyors are simply not members of the same profession. They have different duties, different educational requirements, and different functions. The legislature itself has recognized that three different professions are involved by defining them differently.* MCLA § 338.553a (Stat Ann 1969 Cum Supp § 18.84 [3a]), in effect, declares apples to be oranges.

To allow the legislature to legislate unreasonably as to what constitutes a profession would be to nullify the intent of the constitutional provision. This is not permitted. *Lockwood* v. *Commissioner of Revenue* (1959), 357 Mich 517. To allow the legislature to define "professions" to include three different professions would be to nullify and not to effectuate the protection sought to be afforded by the Constitution.

We hold MCLA § 338.553a (Stat Ann 1969 Cum Supp § 18.84[3a]) unconstitutional. The present board of registration for architects, professional engineers and land surveyors is unconstitutionally composed with respect to the licensing and regulating of architects as only three members of defendant board are architects. The present board is restrained from taking any further action or exercising any jurisdiction over the profession of architect as defined in MCLA § 338.552 (Stat Ann 1969 Cum Supp § 18.84[2]) unless and until a majority of the licensing and regulating authority over architects is composed of architects.

However, the board is authorized and directed to administer the examination heretofore scheduled

---

* MCLA § 338.552 (Stat Ann 1969 Cum Supp § 18.84[2]).

to be held on December 16, 17, 18, and 19, 1969, either in the cities in which originally scheduled to be held or in Detroit or Lansing, and, upon completion of said examination, to sequester all documents relating thereto for evaluation and grading by a properly constituted board of registration for architects.

No costs, a public question being involved.

All concurred.

ORDER OF DECEMBER 22, 1969.

On the petition of defendant, it appears to this Court that its order of December 12, 1969 amending page 5 of its opinion in this case as filed December 4, 1969, is too restrictive for the reason that some of the results of the examination therein referred to are not dependent on any action by defendant. Defendant's only function and responsibility for some parts of the examination are to administer it. For clarification of the opinion as amended, it is ordered as follows:

1. Examinations C, F, G, H and I are to be machine-graded by the educational testing service of Princeton University as scheduled.

2. Examination D and examination E shall be forwarded respectively to Illinois and to Kentucky for preliminary grading as scheduled.

3. On the return to defendant of examinations D and E, defendant shall sequester them and all parts of the examination of architects held December 16, 17, 18 and 19, 1969, not hereinbefore mentioned for evaluation and grading by a properly constituted board of registration for architects.

4. The opinion of the Court in this case, as amended, shall have no application to certificates of registration issued prior to December 4, 1969.

Such certificates may be renewed as required by statute, except it shall not be necessary that applications for renewal satisfy the board of registration as presently constituted.