STATE OF NEBRASKA EX REL. JOHN G. TOMEK, COUNTY ATTORNEY OF BUTLER COUNTY, NEBRASKA, APPELLANT, V. COLFAX COUNTY REORGANIZATION COMMITTEE ET AL., APPELLEES.

209 N. W. 2d 188

Filed June 29, 1973. No. 38912.

John G. Tomek, Vrana & Gless, and Perry, Perry & Witthoff, for appellant.

Otradovsky & Bieber, Robert D. Westadt, Wilson, Barlow & Watson, and Francis O'Brien, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

In this quo warranto action the relator Tomek, county attorney of Butler County, seeks to challenge the validity of a reorganization of School District No. 123, Colfax County, Nebraska, in which certain portions of other school districts in both Butler and Colfax Counties were added to School District No. 123. The District Court entered a judgment dismissing the action because quo warranto could not be used to test the validity of the reorganization proceedings. We affirm the judgment of dismissal by the District Court.

The record shows that the Colfax County Committee for Reorganization of School Districts prepared a plan to enlarge School District No. 123 of Colfax County. All of School Districts Nos. 1, 2, and 10, all in Butler County, and a portion of School District No. 5-R in Colfax County were to be added to School District No. 123. The result of the plan was that School District No. 123 would provide secondary education for the students of the enlarged district. The members of the board of education of District No. 123 had been elected before the reorganization plan was formulated. Pursuant to the plan, an election was held December 3, 1971; and as a result of this election, actions were taken to implement the plan.

An examination of the pleadings in the record in this case shows that it does not involve, question, or dispute the right of any of the officers of School District No. 123 or of the reorganization committee to hold their positions and to perform the function of their office.

The case at bar thus falls squarely within this rule, repeated just a year ago in Stasch v. Weber, 188 Neb. 710, 199 N. W. 2d 391 (1972): "* * * the only issue in a quo warranto action which may be litigated is the right of the defendant to hold public office, and the

action must be strictly confined to that issue. The legality of the official action * * * under which the officer purports to act may not be litigated in a quo warranto action." In the instant case, the relator is not challenging the validity or authority of the officers of School District No. 123; rather, he is challenging the legality and propriety of different steps and actions by them to accomplish the reorganization.

In summary the relator in the instant case is not seeking to challenge the authority or legitimacy of School District No. 123 or the validity or authority of the officers of School District No. 123. He is rather attempting to test the issue of whether the reorganization proceedings were validly accomplished under the appropriate statutes. This is an impermissible use of quo warranto. A public official's right to hold and exercise the powers of his office cannot be jeopardized or harassed by actions seeking to test the irregularity or invalidity of the exercise of his official power.

The general rule is that quo warranto will not lie for a mere irregular exercise of a conferred power although such irregularity may be sufficient when tested by other remedies to vitiate or render void the act done. If the power attaches the manner of its exercise cannot be challenged by information in quo warranto. State ex rel. Johnson v. Consumers Public Power Dist., 143 Neb. 753, 10 N. W. 2d 784.

There is no question that School District No. 123 of Colfax County had a lawful existence prior to the time of the performance of acts which are now claimed to be illegal and void. See, School District D v. School District No. 80, 112 Neb. 867, 201 N. W. 964; State ex rel. Johnson v. Consumers Public Power Dist., supra; Nickel v. School Board of Axtell, 157 Neb. 813, 61 N. W. 2d 566; Longe v. County of Wayne, 175 Neb. 245, 121 N. W. 2d 196; 74 C. J. S., Quo Warranto, § 4, p. 181.

The action of the District Court in dismissing, the

relator's petition is correct and is affirmed.

AFFIRMED.

SMITH, J., participating on briefs.