MICHIGAN SOCIETY OF OPHTHALMIC DISPENSERS v STATE
BOARD OF EXAMINERS IN OPTOMETRY

1. APPEAL AND ERROR—COURTS—FINDINGS OF COURTS—CLEAR ERROR
—COURT RULES.
    Findings of a trial court are conclusive on appeal unless clearly
    erroneous (GCR 1963, 517.1).

2. PHYSICIANS AND SURGEONS—OPTICIANS—OPTOMETRY—STATUTES—
REGULATION.
    Replacement and duplication of broken ophthalmic lenses is not
    the practice of optometry as defined by statute and is not
    regulated by the optometry law (MCLA 338.251 *et seq.).*

3. STATUTES—REGULATION—OPTICIANS—OPTOMETRY—TITLE OF ACT—
CONSTITUTIONAL LAW.
    An act which is titled in part: "an act to regulate the practice of
    optometry", cannot regulate the practice of opticians without
    violating the state constitution (Const 1963, art 4, § 24; MCLA
    338.251 *et seq.).*

Appeal from Wayne, Donald R. Freeman, J.
Submitted Division 1 January 9, 1975, at Detroit.
(Docket No. 17189.) Decided January 29, 1975.

Complaint by Michigan Society of Ophthalmic
Dispensers and Bayne Optical, Inc., against the
State Board of Examiners in Optometry for a
declaratory judgment as to the applicability to
plaintiffs of statutes regulating optometry. Judg-
ment for plaintiffs, holding the statutes are not
applicable to them. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 841.
[2, 3] 61 Am Jur 2d, Physicians and Surgeons §§ 3, 24, 29.
    What constitutes practice of "optometry". 88 ALR2d 1290.
    Validity of governmental regulation of optometry. 22 ALR2d 939.

*Bodman, Longley, Bogle, Armstrong & Dahling* (by *Lloyd C. Fell),* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Frederick H. Hoffecker,* Assistant Attorney General, for defendant.

Before: QUINN, P. J., and BASHARA and R. M. MAHER, JJ.

PER CURIAM. This action resulted from the institution of criminal proceedings by defendant against Bayne Optical, Inc. for alleged violation of the optometry law, MCLA 338.251 *et seq;* MSA 14.641 *et seq.* Plaintiffs then filed this action for a declaratory judgment as to the applicability to them of MCLA 338.258(e); MSA 14.648(e) and 1954 AC, R 388.266.

Bayne Optical, Inc. and members of plaintiff society are opticians. They duplicate and replace broken ophthalmic lenses without a written prescription from a licensed optometrist or physician. The trial court found that replacement and duplication of lenses was not the practice of optometry as defined by the statute and was not regulated by the optometry law. A declaratory judgment entered below holding that plaintiffs were not subject to the optometry law and enjoining defendant from interfering with opticians while engaged in the lawful pursuit of their business. Defendant appeals.

The finding of the trial court that the activities of plaintiffs did not constitute the practice of optometry is not clearly erroneous, GCR 1963, 517.1. That finding is determinative of this appeal.

MCLA 338.251 *et seq.;* MSA 14.641 *et seq.* is

titled in part "An act to regulate the practice of optometry". It cannot regulate the practice of opticians without violating Const 1963, art 4, § 24, *Kindy Opticians, Inc v State Board of Examiners in Optometry,* 291 Mich 152; 289 NW 112 (1939).

This conclusion obviates discussion of the other issues raised.

Affirmed but without costs, a public question being involved.