FOSKET v STATE BOARD OF DENTISTRY

1. QUO WARRANTO—STATE OFFICES—COURTS—COURT OF APPEALS—
   CIRCUIT COURTS—JURISDICTION—CONSTITUTIONAL LAW—STAT-
   UTES.

   An action for *quo warranto* involving a state office should be
   limited to considerations of who rightly occupies the office and
   the proper use of the office and must be brought in the Court of
   Appeals; attacks upon the constitutionality of the statute which
   creates the office or the constitutionality of statutes which the
   office is supposed to enforce present separate and broader
   questions that may be adjudicated in the circuit courts (GCR
   1963, 715.1[1]).

2. JUDGMENT—SUMMARY JUDGMENT—FAILURE TO STATE CLAIM.

   A motion for summary judgment for failure to state a claim upon
   which relief can be granted may only be granted where the
   nonmoving party's claim, based upon the pleadings, is so
   clearly unenforceable as a matter of law that no factual devel-
   opment could possibly justify that party's right to recover (GCR
   1963, 117.2[1]).

3. JUDGMENT—SUMMARY JUDGMENT—GENUINE ISSUE—MATERIAL
   FACT—DENTAL HYGIENISTS.

   A trial court erred in granting a plaintiff's motion for summary
   judgment based upon a finding of no genuine issue as to any
   material fact where a review of the pleadings and depositions
   reveals that there is a genuine issue as to a material fact in
   regards to whether or not dental hygienists are professional
   persons (GCR 1963, 117.2[3]).

4. PHYSICIANS AND SURGEONS—LICENSES—DENTISTS—DENTAL HYGIEN-
   ISTS—SEPARATE PROFESSIONS—STATUTES.

   The practice of dental hygiene cannot, as a matter of law, be

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts § 108.
   65 Am Jur 2d, Quo Warranto § 127 *et seq.*
[2] 61 Am Jur 2d, Pleading § 229 *et seq.*
[3] 73 Am Jur 2d, Summary Judgment § 26 *et seq.*
[4, 5, 6] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 10,
   41.

classified as a profession, separate and distinct from the practice of dentistry; the duties performed by dental hygienists fall within the perimeters of the practice of dentistry as set forth by statute, and dental hygienists may perform their duties only under the direction and supervision of a licensed dentist (MCLA 338.209a, 338.212; MSA 14.629[9a], 14.629[12]).

5. PHYSICIANS AND SURGEONS—LICENSES—CONSTITUTIONAL LAW—STATUTES—DENTISTS—STATE BOARD OF DENTISTRY—DENTAL HYGIENISTS.

The statute creating the Michigan State Board of Dentistry which does not require representation on the board by a dental hygienist does not thereby violate a provision of the Michigan Constitution which requires that a majority of the members of an examining or licensing board of a profession be members of that profession, because dental hygienists are not members of a profession independent of the practice of dentistry (Const 1963, art 5, § 5, MCLA 338.201; MSA 14.629[1]).

6. PHYSICIANS AND SURGEONS—LICENSES—CONSTITUTIONAL LAW—EQUAL PROTECTION—DENTAL HYGIENISTS—STATE BOARD OF DENTISTRY—STATUTES—QUESTION OF FACT.

The question of whether dental hygienists are professional persons within the overall practice of dentistry is a question of fact; if, upon remand of a case for trial, the factfinder determines that dental hygienists are members of a profession within the practice of dentistry they are not denied equal protection under the law by the statute creating the Michigan State Board of Dentistry which does not provide for representation on the board by a dental hygienist, because the hygienists are represented on the board by their employers, who are licensed dentists (Const 1963, art 1, § 2, MCLA 338.201; MSA 14.629[1]).

Appeal from Oakland, William John Beer, J. Submitted August 31, 1977, at Detroit. (Docket Nos. 77-1763, 77-1795.) Decided October 11, 1977.

Complaint by Dorothy Fosket and other licensed dental hygienists against the Michigan State Board of Dentistry for declaratory and injunctive relief to prevent the board from supervising, licensing and examining dental hygienists. The Michigan Dental Association intervened as a de-

fendant. Summary judgment for plaintiffs. Defend-
ants appeal, and plaintiffs cross-appeal. Reversed
and remanded.

*Beer, Boltz & Bennia* (by *Louis D. Beer, Russ E.
Boltz,* and *James C. Rose),* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Howard C.
Marderosian,* Assistant Attorney General, for the
Michigan State Board of Dentistry.

*Clark, Klein, Winter, Parsons & Prewitt* (by
*M. V. Kell* and *Donald A. VanSuilichem),* for the
Michigan Dental Association.

Before: J. H. GILLIS, P. J., and R. B. BURNS and
BASHARA, JJ.

J. H. GILLIS, P. J. Plaintiffs are licensed dental
hygienists who are regulated by defendant, the
Michigan State Board of Dentistry. Defendant is
charged with the exclusive power to supervise,
license and examine the overall practice of dentis-
try in the State of Michigan pursuant to MCLA
338.201 *et seq.;* MSA 14.629(1) *et seq.*

On July 8, 1976, plaintiffs commenced an action
in Oakland County Circuit Court seeking declara-
tory and injunctive relief under GCR 1963, 521, to
prevent the defendant from supervising, licensing
and examining dental hygienists.

Count I of plaintiffs' complaint contends that
dental hygiene is a separate profession within the
meaning of the Michigan Constitution, and, there-
fore, dental hygienists should be regulated by their
own board, a majority of which should be com-
posed of dental hygienists. Const 1963, art 5, § 5.

Count II of plaintiffs' complaint contends that if

"dental hygiene" is not a separate profession within the meaning of art 5, § 5, *supra,* and dental hygienists are subject to the control of defendant, they are denied equal protection under the law pursuant to Const 1963, art 1, § 2, since dental hygienists are prohibited by the dental act from serving on the Board of Dentistry. MCLA 338.201 *et seq.;* MSA 14.629(1) *et seq.*

Before trial, defendant filed a motion for accelerated judgment under GCR 1963, 116.1(2). Plaintiffs subsequently filed a motion for summary judgment pursuant to GCR 1963, 117.2(2). Both of these motions were denied.

The Michigan Dental Association's motion to intervene pursuant to GCR 1963, 209.1(3) was granted.

Plaintiffs again filed a motion for summary judgment which was granted on March 7, 1977. The trial judge concluded in part that:

"II. Dental hygienists are professional persons in that they practice a profession as that term is used in Article V, § 5 of the Constitution of the State of Michigan. MCLA 388.201; MCLA 338.209; OAG, 1975, No. 4899 (October 23, 1975), *Kambas v St. Joseph Hospital,* 33 Mich App 127, 139–140, footnote 24 [189 NW2d 879 (1971)], (LEVIN, J., dissenting), 42 USC § 295h-4(1)–(A1).

"III. Dental Hygienists, as practitioners of a profession within the meaning of Article V, § 5, are either members of a profession which includes both dentists and dental hygienists, or they are members of an independent profession. If they are considered members of an independent profession, then MCLA 338.201 is unconstitutional as a violation of Article V, § 5 of the Constitution of the State of Michigan. See *Nemer v Board of Registration for Architects,* 20 Mich App 429 [174 NW2d 293] (1969).

"IV. If Dental Hygienists are considered members of the same profession as dentists, then MCLA 338.201 is unconstitutional in that it denies dental hygienists the

equal protection of the law. Mich Const 1963, art 1, § 2; US Const, Am XIV, § 1. This status exists under either the 'rational basis' test or the 'substantial relation to the object test'. *Manistee Bank v McGowan,* 394 Mich 655 [232 NW2d 636] (1975).

"V. The Court having determined that MCLA 338.201 is unconstitutional, under either result, it is not necessary to determine factually whether dental hygiene is or is not an independent profession, and no such finding is made. The Court does not wish to circumscribe the legislative options of the Legislature at this time by directing that the only possible action is the creation of an independent board of dental hygiene, although that would of course be constitutionally proper."

From this order, all parties appeal as a matter of right.

I

Defendant first contends that the trial court erred in failing to grant its first motion for accelerated judgment under GCR 1963, 116.1(2). The motion alleged that the plaintiffs were seeking *quo warranto* relief against a state agency, therefore, the trial court lacked jurisdiction to entertain the suit since such actions should be commenced in the Court of Appeals pursuant to GCR 1963, 715.1(1). We disagree.

GCR 1963, 715.1(1) concludes that:

"All actions for quo warranto against any person who usurps, intrudes into, or unlawfully holds or exercises any state office, and against any state officer who does or suffers any act which, by the provisions of law, works a forfeiture of his office, shall be commenced in the Court of Appeals."

Plaintiffs in the instant matter do not seek to oust from public office any member of the State Board

of Dentistry, nor do they seek the dissolution of the dental board. Plaintiffs seek a much broader form of relief by challenging the constitutionality of the statute which enables the dental board to regulate dental hygienists in this state. This Court believes that *quo warranto* questions involving state offices should be limited to considerations of who rightly occupies the office and the proper use of the office. The constitutionality of the statute which creates the office or the constitutionality of statutes which the office is supposed to enforce present separate and broader questions that may be adjudicated in the circuit courts of this state. *Williams v Lansing Board of Education,* 69 Mich App 654; 245 NW2d 365 (1976), *Michigan Society of Ophthalmic Dispensers v State Board of Examiners in Optometry,* 58 Mich App 209; 227 NW2d 253 (1975), *Lord v Genesee Circuit Judge,* 51 Mich App 10; 214 NW2d 321 (1973).

Accordingly, we rule that the trial judge properly denied defendant's original motion for accelerated judgment in that the trial court possessed proper jurisdiction to entertain the suit.

II

Defendant next contends that the trial court erred in failing to grant its motion for summary judgment pursuant to GCR 1963, 117.2(1), which concludes that the moving party is entitled to a judgment in his favor when "the opposing party has failed to state a claim upon which relief can be granted".

A review of the lower court record reveals that the trial court denied the defendant's motion because it found a genuine issue as to a material fact. The issue of whether or not the plaintiffs had stated a cause of action upon which relief could be

granted under GCR 1963, 117.2(1), was not addressed by the court. In spite of the fact that the trial court failed to address the issue raised by the defendant's motion, we conclude that its ultimate ruling was not erroneous.

In order to grant a motion grounded on GCR 1963, 117.2(1), the nonmoving party's claim, based upon the pleadings, must be so clearly unenforceable as a matter of law that no factual development could possibly justify the nonmoving party's right to recover. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 430; 202 NW2d 577 (1972), *Cooke Contracting Co v Department of State Highways #2,* 55 Mich App 479; 223 NW2d 15 (1974).

A review of the pleadings and depositions filed in the instant matter reveal sufficient allegations upon which relief could be granted. We, therefore, conclude that defendant's motion for summary judgment was properly denied.

### III

Defendant further claims that the trial court erred in granting the plaintiffs' motion for summary judgment under GCR 1963, 117.2(3). Defendant alleges that there is a question of fact as to whether or not dental hygienists are professional persons.

GCR 1963, 117.2(3) entitles the moving party to judgment in his favor as a matter of law when "except as to the amount of damages there is no genuine issue as to any material fact".

A careful review of the pleadings and depositions in the case at bar reveals that there is a genuine issue as to a material fact in regards to whether or not dental hygienists are professional

persons. In fact, the trial judge reached that very conclusion in denying the plaintiffs' original motion for summary judgment.

Accordingly, we rule that the trial judge erred in granting the plaintiffs' second motion for summary judgment under GCR 1963, 117.2(3).

It should be noted that the order entered by the trial court concluded that dental hygienists are "either members of a profession which includes both dentists and dental hygienists, or they are members of an independent profession". Such a conclusion violates the clear intent of the Michigan Legislature.

The duties performed by dental hygienists clearly fall within the perimeters of the practice of dentistry as evidenced by MCLA 338.212; MSA 14.629(12) and MCLA 338.209a; MSA 14.629(9a). Dental hygienists may not perform their duties unless they work under the direction and supervision of a licensed dentist. MCLA 338.209a; MSA 14.629(9a).

Hence, we rule, as a matter of law, that the practice of dental hygiene cannot be classified as a profession, separate and distinct from the practice of dentistry. However, this ruling does not preclude the lower court from determining that dental hygienists are professional persons within the practice of dentistry.

## IV

One final issue merits discussion by this Court. The trial court's order concluded that dental hygienists were either members of a profession, consisting of both dentists and dental hygienists, or members of an independent profession. Based upon this determination, the court declared MCLA

338.201; MSA 14.629(1) unconstitutional under either alternative:

"If they are considered members of an independent profession, then MCLA 338.201 is unconstitutional as a violation of Article V, § 5 of the Constitution of the State of Michigan. See *Nemer v Board of Registration for Architects,* 20 Mich App 429 (1969).

"IV. If Dental Hygienists are considered members of the same profession as dentists, then MCLA 338.201 is unconstitutional in that it denies dental hygienists the equal protection of the law. Mich Const 1963, art 1, § 2; US Const, Am XIV, § 1. This status exists under either the 'rational basis' test or the 'substantial relation to the object test'. *Manistee Bank v McGowan,* 394 Mich 655 (1975)."

Having ruled, as a matter of law, that dental hygienists are not members of an independent profession, we find no violation of article 5, § 5 of the Michigan Constitution.

However, if upon remand the finder of fact determines that dental hygienists are professional persons within the overall practice of dentistry, the constitutionality of MCLA 338.201; MSA 14.629(1) will again be at issue in regards to whether or not it denies dental hygienists equal protection under the law.

MCLA 338.201; MSA 14.629(1) provides in relevant part:

"(1) The practice of dentistry shall be supervised by the state board of dentistry. The board shall consist of:

"(a) Seven dentists, each of whom shall have been graduated from a dental school approved by the board, shall have practiced his profession in this state for not less than 5 years, shall have been a resident of this state for not less than 5 years, and 2 of whom shall be residents of the Upper Peninsula.

"(b) One member of the board shall be a person who

is not and never was a member of the profession or occupation being licensed or regulated or the spouse of a member and who does not have and never has had a material, financial interest in either the providing of the professional services being licensed or regulated, or an activity directly related to the profession or occupation being licensed or regulated."

The test to be used in determining whether or not MCLA 338.201; MSA 14.629(1) denies dental hygienists equal protection under the law is set forth in *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 668–672; 232 NW2d 636 (1975):

"In my judgment, at least where the challenged statute carves out a discrete exception to a general rule and the statutory exception is no longer experimental, the substantial-relation-to-the-object test should be applied." 394 Mich at 671.

In order to apply the test, we must first determine the purpose of the legislation.

The Michigan Legislature wishes to assure a coordinated approach to the delivery of high quality dental care to the residents of this state. This object can best be attained by a regulatory board composed of persons qualified by their education and training to regulate the entire practice of dentistry. Dentists receive much more training than dental hygienists. Hence, dentists are in a much better position to regulate the overall practice of dentistry and assure high quality dental care. The Michigan Legislature, in order to reach its goal of high quality dental care, has concluded in their wisdom that the best trained group within the practice of dentistry should regulate the profession. This Court will not dispute their wisdom.

Plaintiffs further argue that even though dental

hygienists receive less training than dentists they should be allowed to sit on the dental board. Plaintiffs base this contention on the fact that a lay person, with no training in the field of dentistry, is allowed to sit on the dental board.

The Legislature of this state placed a lay person on the dental board to insure unbiased input from sources outside the practice of dentistry. Such a goal is desirable in that it allows the other members of the dental board to keep abreast of public opinion in regards to the dental profession.

To reach this objective, the statute specifically states that the lay person have no personal or financial contact with the dentistry profession. To allow a dental hygienist to assume the lay person's seat on the dental board would violate the intent of the legislation.

Dental hygienists are represented on the dental board by their employers, licensed dentists. Such a practice is not uncommon. Other suboccupational groups within a profession are licensed and examined by a board which is not composed of members of the suboccupational group.[1]

Accordingly, we rule that if dental hygienists are determined to be professional persons within the practice of dentistry, they are not denied equal protection under the law by MCLA 338.201; MSA 14.629(1).

The other issues raised on appeal do not warrant discussion at this time. We do, however, refer the trial judge to the case of *Monroe v Pape,* 365 US 167, 192; 81 S Ct 473, 486; 5 L Ed 2d 492, 507 (1961), which is dispositive of the issue of whether or not the defendant, a state administrative

---

[1] *See* The Veterinary Practice Act, MCLA 287.451 *et seq.;* MSA 12.434(1) *et seq.,* the pharmacy act, MCLA 338.1101 *et seq.;* MSA 14.757(1) *et seq.,* the plumbing act, MCLA 338.901 *et seq.;* MSA 14.451 *et seq.*

agency, is a person under 42 USCA 1983, and therefore capable of violating the statute.

The trial judge's order is reversed and the case is remanded for proceedings consistent with this opinion. We retain no further jurisdiction. No costs, a public question being involved.