#26715-a-JKK

**2013 S.D. 83**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

CASEY BRIDGMAN,                    Plaintiff and Appellant,

    v.

DEDRICH R. KOCH,                   Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
JERAULD COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JON R. ERICKSON
Judge

* * * *

CASEY BRIDGMAN
Wessington Springs, South Dakota          Pro se plaintiff and appellant.

DEDRICH R. KOCH
Wessington Springs, South Dakota          Pro se defendant and appellee.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 4, 2013

OPINION FILED **11/26/13**

#26715

KONENKAMP, Justice

[¶1.]     Alleging violations of South Dakota's election laws, the former Jerauld County State's Attorney brought a quo warranto action to oust the newly-elected state's attorney.  The circuit court denied relief.

## Background

[¶2.]     Dedrich Koch is a resident of Buffalo County, South Dakota.  In March 2012, he filed a declaration of candidate for the public office of Jerauld County State's Attorney as a Republican and filed a nominating petition.  He declared under oath that he was eligible to seek the office and if nominated and elected would qualify and serve in that office.  On June 5, 2012, Koch won the primary election against incumbent Casey Bridgman, who had held the office since 2008.  Koch ran unopposed in the general election and was deemed elected under SDCL 12-16-1.1.

[¶3.]     On May 29, 2012, Koch filed a declaration of candidate for the public office of Buffalo County State's Attorney as an Independent and filed a nominating petition.  He declared under oath that he was eligible to seek the office and if elected would qualify and serve in that office.  In November 2012, Koch won the general election in Buffalo County.  But he advised Buffalo County officials in December that he did not intend to take the office because "of ongoing litigation in Jerauld County stemming from [his] election in both counties."

[¶4.]     In January 2013, Koch took the oath of office as the Jerauld County State's Attorney and filed the requisite bond.  He demanded under SDCL 3-14-2 that Bridgman vacate the office and turn over all public money, books, records,

-1-

accounts, papers, documents, and property in his possession or under his control belonging or appertaining to the office. Bridgman refused and brought a quo warranto action, claiming that he was qualified for and entitled to the office and that Koch did not qualify for and was not entitled to the office of Jerauld County State's Attorney.

[¶5.] By written argument to the circuit court, Bridgman averred that Koch was not entitled to the office on the grounds that (1) Koch violated election statutes SDCL 12-6-3 and SDCL 12-7-1 by declaring candidacy for two public offices, (2) SDCL 7-16-31 unconstitutionally removes the residency requirement for the public office of state's attorney, (3) Koch's election to two public offices disenfranchised the voters, (4) SDCL 7-16-31 is a special law interfering with Jerauld County's governance of the county, and (5) SDCL 7-16-31 violates South Dakota's Equal Protection Clause, S.D. Const. article VI, § 18. The circuit court issued findings of fact and conclusions of law, ruling that Koch was the rightful holder of the office and was legally entitled to it. Bridgman was ordered to turn over all books, papers, and property of the office to Koch. Bridgman appeals.

## Analysis and Decision

[¶6.] "The circuit court has the power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, and all other writs necessary to carry into effect its judgments, decrees, and orders, and to give to it a general control over inferior courts, officers, boards, tribunals, corporations, and persons." SDCL 16-6-15. Since the facts here are undisputed, and the suitability of Bridgeman's claim for

quo warranto relief is a question of law, we review the circuit court's decision de novo. *See McElhaney v. Anderson*, 1999 S.D. 78, ¶ 6, 598 N.W.2d 203, 205.

[¶7.]        Bridgman challenges the constitutionality of SDCL 7-16-31, contending that it (1) violates the fundamental rights of Jerauld County citizens to require an officeholder to be a resident of the county represented, (2) is a special law nullifying Jerauld County's right to direct its own affairs, and (3) violates the Equal Protection Clause of S.D. Const. article VI, § 18.  Yet Bridgman's action is one for quo warranto.[1]  Such an action is subsumed under SDCL 21-28-2(1), to be brought by a person having a "special interest in" an action "when [a] person shall usurp, intrude into, or unlawfully hold or exercise [a] public office . . . ."  This action determines title to and possession of a public office, which here is a proceeding to test the actual right to the office of Jerauld County State's Attorney.  *See McElhaney,* 1999 S.D. 78, ¶ 8, 598 N.W.2d at 205.  Quo warranto is not a means to assert the general rights of citizens through broad constitutional attacks against legislative enactments.  *See State ex rel. Tomek v. Colfax Cnty. Reorganization Comm.*, 209 N.W.2d 188 (Neb. 1973) (scope of quo warranto); *see also Fosket v. Michigan State Bd. of Dentistry*, 261 N.W.2d 238, 240 (Mich. Ct. App. 1977).  Therefore, Bridgman's challenges to the constitutionality of SDCL 7-16-31 are beyond the scope of this action and will not be addressed.

---

1.      "The remedies formerly attained by a writ of scire facias, writ of quo warranto, and proceedings by information in the nature of quo warranto, may be obtained by civil actions under the provisions of this chapter."  SDCL 21-28-1.

[¶8.] Since this action deals only with a person's right to hold or exercise public office, the proceeding must be timely directed to the current term of office. *See* SDCL 21-28-2; *see also State ex rel. Varnau v. Wenninger*, 962 N.E.2d 790, 793-94 (Ohio 2012). In that regard, Bridgman timely challenged Koch's right to hold and exercise the office of Jerauld County State's Attorney. But Bridgman cannot also challenge Koch on his candidacy for the office of Buffalo County State's Attorney because Bridgman has no standing to bring a quo warranto action on that office. *See* SDCL 21-28-2. He has no "special interest in" such an action. *See id.*

[¶9.] Bridgman contends that Koch is not entitled to the public office of Jerauld County State's Attorney because Koch violated SDCL 12-7-1, governing certificates of nomination. On this claim, quo warranto is the proper proceeding, and we confine our review strictly to whether Koch is lawfully in possession of that office. *See Burns v. Kurtenbach,* 327 N.W.2d 636 (S.D. 1982) (quo warranto examining the propriety of an election); *Smith v. Reid*, 60 S.D. 311, 244 N.W. 353 (1932) (defeated candidate has standing).

[¶10.] According to the undisputed facts, Koch's petition for the Republican primary in Jerauld County contained the requisite number of signatures. It was lawfully and timely filed in compliance with South Dakota's election laws. A primary election was held in Jerauld County, also complying with South Dakota's election laws. Koch defeated Bridgman in the primary election. No challenger remained in the general election; thus, Koch was deemed elected to the public office of Jerauld County State's Attorney. *See* SDCL 12-16-1.1. His election was certified, and he received a certificate of election from the Jerauld County Auditor. On

January 8, 2013, Koch took the oath of office as the Jerauld County State's Attorney and filed the requisite bond. *See* SDCL 7-16-1. Consequently, there was no violation of SDCL 12-7-1.

[¶11.] Bridgman also contends that Koch violated the express prohibition of SDCL 12-6-3, which provides in part that "[n]o person may be a candidate for nomination or election to more than one public office[.]"[2] The part-time state's attorney positions for Jerauld County and Buffalo County are both public offices. On the date Koch became a candidate for the office of Buffalo County State's Attorney he was already a candidate for the office of Jerauld County State's Attorney. A violation of SDCL 12-6-3, in Bridgman's view, vitiates Koch's authority to run for and hold office as the *Buffalo County State's Attorney*. In his certificate of nomination to be an Independent candidate in the Buffalo County election, Koch declared that he was "eligible to seek the office for which [he is] a candidate." Koch was not eligible, Bridgman contends, because Koch's existing candidacy for the public office in Jerauld County prevented him from simultaneously becoming a candidate for nomination or election in Buffalo County.

[¶12.] If Koch indeed violated SDCL 12-6-3 and executed an invalid certificate of nomination for the office of *Buffalo County State's Attorney*, that does not in itself, contrary to Bridgman's insistence, mean that Koch "has withdrawn

---

2. The circuit court found that SDCL 12-6-3 was amended in 2002 to address candidates running for two "mutually exclusive offices." Koch relies on the court's reasoning and asks that we declare that SDCL 12-6-3 does not prohibit a person from seeking more than one public office in separate and distinct elections. Because of the limited nature of this action, we decline to address Koch's argument.

from the Jerauld County State's Attorney position." Bridgman cites no authority for this argument, and thus it is waived. *See State v. Pellegrino,* 1998 S.D. 39, ¶ 22, 577 N.W.2d 590, 599. And, again, this quo warranto action is limited to the title and possession of the public office of *Jerauld County State's Attorney*. For these reasons, we need not address Bridgman's claim that Koch violated the law as an Independent candidate in the *Buffalo County* election.

[¶13.] There being no evidence that Koch usurped, intruded into, unlawfully held, or exercised the public office of Jerauld County State's Attorney, the circuit court correctly denied quo warranto relief.

[¶14.] Affirmed.

[¶15.] GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and WILBUR, Justices, concur.