#27956, #27957-a-JMK
**2017 S.D. 39**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *
#27956

DAVID J. LARSON,                                      Plaintiff and Appellee,

    v.

SHANTEL KREBS, as
Secretary of State for the
State of South Dakota,                                Defendant,

    and

ELAINE WULFF, as
Auditor, Buffalo County, South Dakota                 Defendant and Appellee,

    and

DEDRICH R. KOCH,
Candidate for election,                               Defendant and Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

#27957

STEVEN R. SMITH,                                      Plaintiff and Appellee,

    v.

SHANTEL KREBS, as
Secretary of State for the
State of South Dakota,                                Defendant,

    and

PAMELA MICHALEK, as
Auditor for Lyman County,                             Defendant and Appellee,

    and

THERESA MAULE ROSSOW,
Candidate for election,                               Defendant and Appellant.

* * * *

CONSIDERED ON BRIEFS
FEBRUARY 13, 2017
OPINION FILED **06/21/17**

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
BUFFALO COUNTY, SOUTH DAKOTA

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
LYMAN COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE DAVID R. GIENAPP
Retired Judge

* * * *

ALBERT STEVEN FOX
JESSICA HEGGE of
Larson Law, PC
Chamberlain, South Dakota                    Attorneys for plaintiff and
                                             appellee David J. Larson
                                             #27956.


RICHARD J. RYLANCE, II of
Morgan Theeler LLP
Mitchell, South Dakota                       Attorneys for defendant and
                                             appellee Elaine Wulff #27956.


STEVEN R. SMITH
Chamberlain, South Dakota                    Pro se plaintiff and appellee
                                             #27957.


THERESA MAULE ROSSOW
Chamberlain, South Dakota                    Pro se defendant and appellant
                                             #27957.

KERN, Justice

[¶1.] Prior to the 2016 general election, Theresa Maule Rossow and Dedrich Koch each filed separate nominating petitions to seek election as State's Attorneys in two counties. Maule Rossow filed in Brule County and then Lyman County, while Koch filed in Jerauld County and then Buffalo County. Competitors in all four counties brought suit in separate cases, seeking to prevent Maule Rossow and Koch from running for State's Attorney in more than one county at a time. In the Lyman and Buffalo Counties suits, the circuit court ruled that the candidate's second filings violated SDCL 12-6-3's prohibition against dual candidacies and thus were invalid. Maule Rossow and Koch appeal. Although the issue is now moot, we decide the case under an exception to the mootness doctrine. We also consolidate Maule Rossow and Koch's appeals because they raise the same issue. We affirm.

## BACKGROUND

### *Theresa Maule Rossow's Appeal*

[¶2.] Maule Rossow is an attorney and resident of Brule County, South Dakota. On January 21, 2016, she filed a nominating petition with the Brule County Auditor to run as an Independent candidate for election as Brule County State's Attorney. Maule Rossow filed a second nominating petition on February 12, 2016, with the Lyman County Auditor to run as an Independent candidate for election as Lyman County State's Attorney.

[¶3.] Although not a resident of Lyman County, Maule Rossow was not precluded from seeking office on the basis of residency. Pursuant to SDCL 7-16-31, in any county with a population of less than 5,000 persons, a State's Attorney is not

"disqualified from holding office for failure to be a resident of that county if the state's attorney is a resident of a county which is contiguous to the county in which the state's attorney holds office." Brule and Lyman Counties are adjacent to each other. According to the 2010 census, all four counties have populations of less than 5,000 persons. The State's Attorney positions for the involved counties are part-time and were to be filled by the voters in each county at the November 8, 2016 general election. Residents of the respective counties could vote only for the State's Attorney candidates seeking office in their county.

[¶4.] On April 26, 2016, Steven R. Smith filed a nominating petition with the Lyman County Auditor to run as an Independent candidate for election as Lyman County State's Attorney. Smith filed a lawsuit against Secretary of State Shantel Krebs, Lyman County Auditor Pamela Michalek, and Maule Rossow, seeking a writ of prohibition to prevent Maule Rossow's name from appearing on the ballot for State's Attorney in Lyman County during the November 2016 election. Smith alleged that SDCL 12-6-3 prevented Maule Rossow from seeking public office in Brule and Lyman Counties in the same general election. Additionally, David Natvig, a candidate for State's Attorney in Brule County, filed suit against Secretary of State Shantel Krebs, Brule County Auditor Pamela Petrak, and Maule Rossow, seeking to prevent Maule Rossow's name from appearing on the ballot in Brule County for the same reason.

### Dedrich Koch's Appeal

[¶5.] Koch is an attorney and resident of Buffalo County, South Dakota. The facts underlying Koch's appeal are similar to Maule Rossow's, except that this

is not the first time he sought dual candidacies in adjacent counties, as he did so in 2012. The facts of the 2012 election provide a useful background for Koch's present situation. In March 2012, Koch filed a nominating petition as a Republican candidate to run for Jerauld County State's Attorney, challenging Casey Bridgman, the incumbent, in the June 2012 primary. In May, Koch filed a nominating petition as an Independent candidate to run for Buffalo County State's Attorney. Koch won the primary in Jerauld County, ran unopposed in the general election, and was elected Jerauld County State's Attorney. Koch also won the general election for State's Attorney in Buffalo County but resigned from that position prior to taking office because "of ongoing litigation in Jerauld County stemming from his election in both counties." *Bridgman v. Koch*, 2013 S.D. 83, ¶ 3, 840 N.W.2d 676, 677.[1]

[¶6.] After Koch's 2012 resignation, the Buffalo County Commission filled the vacancy by appointing Albert Fox. Shortly thereafter, Fox was suspended from the practice of law, and the Buffalo County Commission appointed David Natvig, the Brule County State's Attorney. An interim election was scheduled in 2014 to fill the remaining portion of the term. Buffalo County residents elected Koch to serve as State's Attorney until the next general election in 2016. Meanwhile, Koch was still serving as Jerauld County State's Attorney.

---

1. After the election, Bridgman refused to vacate his office and brought a quo warranto action, raising multiple grounds for relief, including that Koch violated SDCL 12-6-3 by declaring a second candidacy for public office in Buffalo County. Bridgman argued that Koch's decision to file in Buffalo County necessarily implied that he withdrew his nominating petition in Jerauld County, leaving Bridgman as the only viable candidate for election as Jerauld County State's Attorney. We declined, however, to address the issue because Bridgman cited no authority for his argument, and we resolved the case on other grounds. *Bridgman*, 2013 S.D. 83, ¶ 12, 840 N.W.2d at 679.

[¶7.]    On February 23, 2016, Koch filed a nominating petition with the Jerauld County Auditor to run as a Republican candidate for Jerauld County State's Attorney. Koch filed a second petition on March 18, 2016, with the Buffalo County Auditor to run as an Independent candidate for Buffalo County State's Attorney. Jerauld and Buffalo counties are adjacent. On March 29, 2016, David J. Larson filed a nominating petition with the Buffalo County Auditor to run as a Democratic candidate for Buffalo County State's Attorney.

[¶8.]    Larson filed a lawsuit against Secretary of State Shantel Krebs, Buffalo County Auditor Elaine Wulff, and Koch, seeking a writ of prohibition to prevent Koch's name from appearing on the ballot for Buffalo County State's Attorney. Larson alleged that SDCL 12-6-3 prevented Koch from seeking public office in Jerauld and Buffalo Counties in the same general election. Bridgman, a candidate for State's Attorney in Jerauld County, also filed suit against Secretary of State Shantel Krebs, Jerauld County Auditor Cindy Peterson, and Koch, seeking to prevent Koch from appearing on the Jerauld County ballot for the same reason.

### *The Circuit Court Proceedings on Maule Rossow and Koch's Elections*

[¶9.]    The circuit court held a hearing on all four cases on August 1, 2016.[2] The court began by addressing a motion filed by Secretary of State Shantel Krebs seeking dismissal from the cases pursuant to SDCL 15-6-12(b)(5). Krebs argued

---

2.    Elaine Wulff, as Buffalo County Auditor, appeared in person and requested that the court make its decision in time to have the ballots printed for the election. Absentee voting was to begin on September 23, 2016, and ballots were to be in the possession of the county auditors by September 21, 2016, pursuant to SDCL 12-16-1. On appeal, Wulff requests this Court to affirm the decision of the trial court.

that she had no role in the election dispute because nominating petitions for State's Attorney are "filed in the office of the county auditor of the county in which the person is a candidate," not with the Secretary of State. SDCL 12-6-4. And the petitions are certified by the county canvassing board, leaving the Secretary of State with "no authority over placement of state's attorney candidates on the general election ballot." The court agreed and dismissed her from the cases.

[¶10.]     After oral argument in each case, the court ruled from the bench in favor of plaintiffs in the Lyman and Buffalo Counties suits and denied the writs requested in the Brule and Jerauld Counties suits. On August 15, 2016, the court issued findings of fact, conclusions of law, and writs of prohibition precluding the Lyman County and Buffalo County Auditors from placing Maule Rossow and Koch's names on the respective county ballots. In the Lyman County suit against Maule Rossow, the circuit court concluded that "Maule Rossow's second filed nominating petition was illegal as she was attempting to run for two public offices in one general election." The court deemed "the second filed nominating petition a nullity rather than declare both petitions invalid, or treating the second petition as the valid petition and the first abandoned upon the filing of the second." And in the Buffalo County suit against Koch, the court determined that "[t]he votes to be taken for Buffalo County State's Attorney and Jerauld County State's Attorney are both a part of the 2016 general election." Accordingly, "by filing the second, Buffalo County, petition Dedrich R. Koch did thereby violate the provisions of SDCL 12-6-3."

[¶11.] On August 26, 2017, Maule Rossow and Koch each filed with this Court a motion for an emergency stay of writ of prohibition and request for expedited briefing. We denied both motions on August 30, 2016.

[¶12.] Because Maule Rossow and Koch (collectively, "Appellants") both appealed from the circuit court's decisions and raise substantially similar arguments, we consolidate their cases. We restate the sole issue as follows: whether SDCL 12-6-3 prohibited Appellants from running for two State's Attorney's offices in two counties during the same general election.

**DECISION**

[¶13.] Because the 2016 general election has come and gone, the first question we must address is whether the appeals are moot. "[T]his Court renders opinions pertaining to actual controversies affecting people's rights." *In re Woodruff*, 1997 S.D. 95, ¶ 10, 567 N.W.2d 226, 228. "[A]n appeal will be dismissed as moot where, before the appellate decision, there has been a change of circumstances or the occurrence of an event by which the actual controversy ceases and it becomes impossible for the appellate court to grant effectual relief." *Sullivan v. Sullivan*, 2009 S.D. 27, ¶ 11, 764 N.W.2d 895, 899. This Court is unable to accord Appellants effectual relief because it is impossible to place their names on ballots for an election that has passed. Thus, Appellants' appeals are moot.

[¶14.] There are, however, exceptions to the mootness doctrine. One is the "capable of repetition, yet evading review" exception, which applies when: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining

party will be subject to the same action again."[3] *Rapid City Journal v. Delaney*, 2011 S.D. 55, ¶ 8, 804 N.W.2d 388, 391.

[¶15.] Looking to the first element of this exception, it is true that the time to resolve Appellants' cases was limited before the election. Appellants filed motions requesting that this Court stay the writs of prohibition and order expedited briefing. The motions, which we denied, were made close to the deadline for printing ballots and about eight weeks before the election. Several courts have recognized that cases involving election disputes "almost always take more time to

---

3. In *Matter of Woodruff*, we stated that the "capable of repetition, yet evading review" exception to mootness "is also known as the public interest exception." 1997 S.D. 95, ¶ 15, 567 N.W.2d at 229. But the public interest exception contains three elements: "general public importance, probable future recurrence, and probable future mootness." *Id.* The Court in *Woodruff* relied on *Radulski ex rel. Taylor v. Delaware State Hospital*, a decision by the Supreme Court of Delaware, as authority for its description of these tests. *Id.* (citing 541 A.2d 562, 566 (Del. 1988)). In *Radulski*, the court stated "the public-interest exception to the mootness doctrine is usually applied to issues which are 'capable of repetition, yet evading review.'" 541 A.2d at 566. *Radulski* does not seem to fully support *Woodruff*'s expression of the public interest exception. Further, although United States Supreme Court precedent has emphasized the public interest in some instances when deciding a case in spite of mootness, it is not clear that the "capable of repetition, yet evading review" and public interest exceptions are identical. *See, e.g., S. Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 515, 31 S. Ct. 279, 283, 55 L. Ed. 310 (1911) (stating that the public interest is relevant when deciding to apply the "capable of repetition, yet evading review" exception to mootness). Other courts consider the exceptions, although interrelated, to be distinct. *See Gosbee v. Bendish*, 512 N.W.2d 450, 453 (N.D. 1994) ("[E]ven when technically moot, we will address issues when they are of great public interest and involve the authority and power of public officials . . . or when the matter is 'capable of repetition, yet evading review[.]'"). The Supreme Court of Hawaii recently clarified that "the public interest exception and the 'capable of repetition, yet evading review' exception are two separate and distinct exceptions" to mootness. *State v. Tui*, 382 P.3d 274, 280 (Haw. 2016). Because the question of mootness was not briefed by the parties in this case, we decline to address the relationship between the exceptions.

resolve than the election cycle permits." *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006); *see also Merle v. United States*, 351 F.3d 92, 94 (3d Cir. 2003) (stating that "most election cases[] fit[] squarely within the 'capable of repetition yet evading review' exception to the mootness doctrine"). But we need not determine if Appellants have satisfied the first element because they cannot satisfy the second. Appellants have not argued that they intend to run in the future for election in two counties simultaneously. Thus, we cannot say that there is a reasonable expectation that Appellants will be again subject to the same prohibition.

[¶16.] Yet we also possess discretion to "determine a moot question of public importance if [we] feel[] that the value of its determination as a precedent is sufficient to overcome the rule against considering moot questions." *Cummings v. Mickelson*, 495 N.W.2d 493, 496 (S.D. 1993). Described as the public interest exception to the mootness doctrine, its elements require: "general public importance, probable future recurrence, and probable future mootness." *Sedlacek v. S.D. Teener Baseball Program*, 437 N.W.2d 866, 868 (S.D. 1989). A question may be of public importance if it "affects the legal rights or liabilities of the public at large." *Boesch v. City of Brookings*, 534 N.W.2d 848, 850 (S.D. 1995).

[¶17.] It is incontrovertible that there is a compelling public interest in determining whether a person was wrongfully prohibited from seeking election as a State's Attorney. *See Cummings*, 495 N.W.2d at 496-97 (invoking the public interest exception to mootness to decide whether circuit court judges were properly appointed). The question affects not only Appellants' right to run for public office,

but the electorate's right to cast their ballot in support of their candidacies. Further, it is probable that this issue will arise again in light of the number of sparsely-populated counties with a part-time State's Attorney elected every four years. Indeed, Koch ran for two public offices in the 2012 election, which led to litigation, and here, we have consolidated two appeals generated from four suits filed in four different counties. And the question, if it arises again, may again become moot before resolution because of the time-sensitive nature of election litigation. Therefore, we exercise our discretion to address the merits of Appellants' claims under the public interest exception to the mootness doctrine.

[¶18.] Whether SDCL 12-6-3 prohibited Maule Rossow from simultaneously seeking election as State's Attorney in Brule and Lyman Counties and Koch from doing the same in Jerauld and Buffalo Counties is a question of statutory interpretation, which we review de novo. *State ex rel. Dep't of Transp. v. Clark*, 2011 S.D. 20, ¶ 5, 789 N.W.2d 160, 162. It is established that:

> The purpose of statutory construction is to discover the true intention of the law, which is to be ascertained primarily from the language expressed in the statute. The intent of a statute is determined from what the Legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used. Words and phrases in a statute must be given their plain meaning and effect.

*Rowley v. S.D. Bd. of Pardons & Paroles*, 2013 S.D. 6, ¶ 7, 826 N.W.2d 360, 363. "When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed." *Id.* at 363-64.

[¶19.]	SDCL 12-6-3 provides:

> No person may be a candidate for nomination or election to more than one public office except for the office of President of the United States or vice president of the United States. However, a candidate for any such office is not prohibited from being elected to any one or more party offices as may be provided in chapter 12-5.

[¶20.]	Appellants argue that SDCL 12-6-3 did not prevent them from seeking public office in two counties during the same election year because the offices were not sought in the same individual election. In Appellants' view, a general election is not a single event that includes the votes cast in all counties, but a series of individual elections in each county. Therefore, Appellants contend that each county held a separate election and SDCL 12-6-3 did not prohibit their dual candidacies.

[¶21.]	Additionally, Appellants submit that dual positions as part-time State's Attorney for two adjacent counties are compatible, as neither position holds the power of removal or appointment over the other. *See City of Sturgis v. Koch.* 1998 S.D. 100, ¶¶ 11-14, 583 N.W.2d 170, 172-73 (holding that the positions of reserve police officer and assistant fire chief are incompatible with serving on the city council). Further, Appellants contend that the concept of holding two State's Attorney offices simultaneously is one already approved by the Legislature, which has authorized the creation of an office of regional prosecutor by consolidating two or more State's Attorney's Offices to create a single office pursuant to SDCL 7-16-24. Finally, Appellants argue that to interpret SDCL 12-6-3 literally would render an absurd result because no one could seek election to more than one public office in their lifetime except for the positions of Presidency or Vice Presidency of the United States.

[¶22.]     This case concerns only the first sentence of SDCL 12-6-3 because the offices sought were not the Presidency of the United States, Vice Presidency of the United States, or a party office as provided in SDCL chapter 12-5. Accordingly, our analysis focuses on the core language of SDCL 12-6-3, which reads: "No person may be a candidate for nomination or election to more than one public office . . . ." There is nothing ambiguous about this phrase. The Appellants are persons. And it is undisputed that the position of State's Attorney is a public office. *See Bridgman*, 2013 S.D. 83, ¶ 11, 840 N.W.2d at 679 (identifying a part-time State's Attorney position as a *public office*); *Seymour v. W. Dakota Vocational Tech. Ins.*, 419 N.W.2d 206, 207-08 (S.D. 1988) (discussing what constitutes a *public office*). Thus, the resolution of this case hinges on the meaning of *election* in SDCL 12-6-3.

[¶23.]     *Election* means "any election held under the laws of this state[.]" SDCL 12-1-3(2). There are several types of statutorily defined elections. *See, e.g.*, SDCL 12-1-3(5) (defining *general election*); SDCL 12-1-3(11) (defining *primary election*); SDCL 12-11 (laws pertaining to *special elections*). Thus, *election* as used in SDCL 12-6-3 must be interpreted within the context of the type of election at issue. Here, SDCL 7-16-1 provides that an election of a state's attorney occurs at a *general election*. *General election* means "the vote required to be taken in each voting precinct of the state on the first Tuesday after the first Monday in November of each even-numbered year." SDCL 12-1-3(5). Importantly, *general election* is singular, not plural. And while the definition refers to multiple voting precincts, it is focused on a single process ("the vote required to be taken") on a single day ("the first Monday in November of each even-numbered year"). This process includes

individual voting in each county. Therefore, a *general election* is a single election, not a series of individual elections in each county.

[¶24.] Under the plain language of the definition of *general election*, the votes required to be taken in Brule, Lyman, Jerauld, and Buffalo Counties for the respective State's Attorney positions on November 8, 2016, were part of the same general election. Because SDCL 12-6-3 prohibits a person from being a candidate for "election to more than one public office," Appellants could not seek two State's Attorney positions in the same general election.

[¶25.] Appellants profess that SDCL 12-6-3 could be read to prohibit a person from ever seeking election to more than one public office in their lifetime, even if the public offices were sought in different years or decades. This, they claim, would render an absurd result, which we presume the Legislature did not intend. *Schafer v. Shopko Stores, Inc.*, 2007 S.D. 116, ¶ 7, 741 N.W.2d 758, 761. Although the title of SDCL 12-6-3 reads "[c]andidacy for two offices at one election prohibited," titles are not controlling, and the text of the statute makes no mention of the number of elections or a timeframe to which its prohibition applies. SDCL 2-14-9. Reading *election*, however, in SDCL 12-6-3 to refer to *general election* in this case gives the statute a durational boundary. This interpretation of SDCL 12-6-3 avoids an absurd result.

[¶26.] Finally, we need not address Appellants' arguments that the State's Attorney positions are not mutually exclusive and thus not prohibited under *City of Sturgis v. Koch*, 1998 S.D. 100, ¶ 11, 583 N.W.2d at 172 or that other statutes authorize the creation of a regional prosecutor's office. Neither the doctrine of

incompatibility nor the regional prosecutor statutes address the election scenario raised in this case. SDCL 12-6-3 prohibits an individual from seeking election to more than one public office, and we "assume that statutes mean what they say and that the legislators have said what they meant." *In re Marvin M. Schwan Charitable Found.*, 2016 S.D. 45, ¶ 23, 880 N.W.2d 88, 94.

## CONCLUSION

[¶27.] SDCL 12-6-3 prohibits a candidate from seeking election to more than one public office in the same general election. Maule Rossow and Koch each sought election to more than one public office in the 2016 general election. Thus, SDCL 12-6-3 prohibited Maule Rossow from seeking election as Lyman County State's Attorney and Koch from seeking election as Buffalo County State's Attorney. We affirm.

[¶28.] GILBERTSON, Chief Justice, and ZINTER and SEVERSON, Justices, and WILBUR, Retired Justice, concur.