**STATE**

v.

**Joseph D. KEOHANE, Jr.**

**No. 99–569–C.A.**

Supreme Court of Rhode Island.

Jan. 17, 2003.

Virginia M. McGinn, Aaron L. Weisman, Providence, for Plaintiff.

Kelly Monteiro, Paula Rosin, Providence, for Defendant.

Before WILLIAMS, C.J., LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on October 29, 2002, pursuant to an order directing both parties to show cause why this appeal should not be summarily decided. The defendant, Joseph D. Keohane, Jr. (Keohane or defendant), appeals from a judgment by a justice of the Superior Court that denied his pretrial motion to suppress evidence seized in connection with a traffic stop that culminated in a charge of possession of a controlled substance. After hearing the arguments of counsel and reviewing the memoranda of the parties, we are of the opinion that cause has not been shown. The issues will be summarily decided at this time.

On September 4, 1998, detectives from the Woonsocket Police Department received an anonymous tip that a man identified as Keohane would be traveling to Providence in a van to purchase heroin that he intended to sell in Woonsocket. The detectives began a surveillance, and observed defendant and Edward Manzano (Manzano), a known heroin user, enter a van and proceed toward Providence. The detectives witnessed defendant and Manzano arrive at Bucklin Street in Providence, exit the vehicle, and approach a group of males. After this encounter, detectives temporarily lost sight of the group, including Keohane and Manzano, but subsequently observed them in the van, proceeding back to Woonsocket, following the pattern predicted by the tipster. The defendant began driving erratically and Manzano then drove both men back to Woonsocket. Upon entering the city, detectives radioed for a marked police car to stop the van. A search of both men failed to uncover any narcotics. However, the record discloses that Manzano told the police that he and Keohane had gone to Providence to buy heroin and that the contraband was in the van. Police then searched the van and found six packets of heroin in a small box. Manzano agreed to cooperate with police, and Keohane was arrested. Thereafter, police retained for evidence the six packets, all of which tested positive for heroin. Keohane was charged with possession of a controlled substance. After a hearing on his motion to suppress the evidence, the trial justice denied the motion. With the trial justice's concurrence, Keohane then entered a plea of guilty to the charge, but he reserved the right to challenge the legality of the search on appeal to this Court. He was sentenced to a three-year suspended sentence with three years of probation, substance abuse counseling, and community service.[1]

Before addressing the merits of defendant's appeal, we must determine whether this appeal is properly before this Court. As addressed in *State v. Feng*, 421 A.2d 1258 (R.I.1980), "[a] plea of guilty or nolo contendere to a charged offense operates

---

1. We note that Keohane's plea agreement provides for a two-year suspended sentence with two years probation; however, the judgment of conviction provides for a three-year suspended sentence and three years probation.

as a waiver of the defendant's right to appeal his conviction of that offense." *Id.* at 1263 n. 5 (citing *State v. Williams,* 122 R.I. 32, 404 A.2d 814 (1979)). This holding was reaffirmed in *State v. Soares,* 633 A.2d 1356, 1356 (R.I.1993) (mem.), in which we addressed the specific issue now before us, and held that "a conditional plea of nolo [contendere] may not be accepted by the Superior Court subject to appeal on the issue of a motion to suppress." This Court has never recognized a right to a conditional plea subject to appeal, and we decline to do so today. As noted in *Soares,* notwithstanding that Rule 11 of the Superior Court Rules of Criminal Procedure is modeled after its federal counterpart, Rule 11 of the Federal Rules of Criminal Procedure, nowhere in Rhode Island's version is there a provision that provides the court with the authority to accept a conditional plea of guilty or *nolo contendere,* preserving the right of the defendant to obtain review of the adverse determination of any specified pretrial motion. The defendant's guilty plea acted as an effective waiver of his right of appeal; thus, the appeal is not properly before this Court. However, mindful that Keohane may seek to challenge the validity of his plea by way of post-conviction relief, we shall proceed to address the merits of this appeal.

Keohane contends that the stop and subsequent search of the van were illegal and in violation of his Fourth Amendment rights under the United States Constitution. He argues that the police had less than the reasonable suspicion required for an investigatory stop and search because the information given by the anonymous tipster was unreliable and was not adequately corroborated by police. The defendant describes the informant's tip as "so lacking in essential detail" and "so void of specific information" as to give the police nothing more than an "inchoate and unparticularlized suspicion," citing *Terry v.*

*Ohio,* 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889, 909 (1968), that was never verified. Keohane points out that the tip did not predict details of exactly which van Keohane would be driving, nor did it provide a specific time frame for Keohane's departure or return to Woonsocket. He asserts that any possible suspicions raised by the tip remained unsubstantiated, and therefore insufficient to warrant a stop of his vehicle, because the police neither saw a drug deal take place, nor heard the conversations of the occupants of the van or of the men on the street corner.

The prosecution steadfastly maintains that the Woonsocket police had sufficient reasonable suspicion to stop and conduct an investigatory search of the van Keohane was driving. The state argues that the trial justice was not clearly erroneous in denying defendant's motion to suppress all tangible evidence, because based on the totality of the circumstances, the future conduct predicted by the tipster and relied on by the police was amply corroborated. The state points to the overall circumstances of the investigation, including defendant's behavior, his association with a known heroin user, and his trip to Providence and back in a van as substantiating the reliability of the informant's information. This reliable information, coupled with the experience of the surveillance detectives in drug-related crimes, raised mere conjecture to a level of reasonable suspicion that criminal activity occurred sufficient to warrant a stop and search of the vehicle.

When faced with an allegation that constitutional rights have been infringed, this Court reviews the alleged violations using a *de novo* standard of review. *State v. Saldarriaga,* 721 A.2d 841, 844 (R.I.1998). Furthermore, "[w]e review a trial justice's determination of the exis-

tence or nonexistence of probable cause or reasonable suspicion on a *de novo* basis." *State v. Abdullah,* 730 A.2d 1074, 1076 (R.I.1999). However, "[i]n reviewing a trial justice's decision on a motion to suppress, we give deference to the findings of the trial justice and shall not overturn his findings unless they are clearly erroneous." *In re John N.,* 463 A.2d 174, 176 (R.I.1983); *see also Saldarriaga,* 721 A.2d at 844.

■■■■ When reviewing the validity of an investigatory stop by the police, an officer must have "a reasonable suspicion based on specific and articulable facts that the person detained is engaged in criminal activity." *Abdullah,* 730 A.2d at 1076 (quoting *State v. Halstead,* 414 A.2d 1138, 1147 (R.I.1980)). To determine whether an officer's suspicions are sufficiently reasonable to justify an investigatory stop, the Court must take into account the totality of the circumstances. *United States v. Cortez,* 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621, 629 (1981); *State v. Tavarez,* 572 A.2d 276, 278 (R.I.1990). Various factors that contribute to a finding of reasonable suspicion of criminal activity include "the location in which the conduct occurred, the time at which the incident occurred, the suspicious conduct or unusual appearance of the suspect, and the personal knowledge and experience of the police officer." *State v. Holdsworth,* 798 A.2d 917, 921 (R.I.2002) (quoting *Abdullah,* 730 A.2d at 1077).

■■■ Recognizing the standards adhered to by this Court, and the factors set forth by the United States Supreme Court, we agree with the state that the evidence before the trial justice disclosed a scenario in which the officers had more than an articulable suspicion that Keohane had traveled to Providence to purchase drugs. Indeed, based upon the totality of the circumstances known to the police at the time of the stop and search, any suspicions originating from the anonymous informant approached the level of probable cause and clearly establish that Keohane's constitutional rights were not violated. Both the stop and subsequent search of the automobile were valid, and the motion to suppress the heroin evidence was properly denied.

Moreover, use of an anonymous informant as the source of the initial investigation is not fatal to the state's case. The Supreme Court has noted that an anonymous tip that "contained a range of details relating not just to easily obtained facts and conditions existing at the time of the tip, but to future actions of third parties ordinarily not easily predicted," would be sufficient to establish reasonable suspicion. *Alabama v. White,* 496 U.S. 325, 332, 110 S.Ct. 2412, 2417, 110 L.Ed.2d 301, 310 (1990) (quoting *Illinois v. Gates,* 462 U.S. 213, 245, 103 S.Ct. 2317, 2335–36, 76 L.Ed.2d 527, 552 (1983)). Additionally, this Court has held that sufficiently corroborated and detailed information may justify an investigatory stop. *See In re John N.,* 463 A.2d at 177 (holding that a police officer was entitled to stop and further investigate a suspicious vehicle based upon departmental information that was substantiated by his own observations). In this case, the anonymous tip, although not necessarily reliable on its face, was sufficiently detailed, and thereafter corroborated, to warrant an experienced detective to become reasonably suspicious of Keohane's behavior. The tip provided details of where Keohane lived, the type of vehicle he would be driving, and the itinerary and alleged purpose of his travel to and from Providence. Cognizant of these alleged facts, the Woonsocket detectives were able to confirm the reliability of the tip when Keohane's conduct mirrored the behavior predicted by the tipster. When the suspicious activity of the men on the

street corner, the brevity of the trip to Providence, Keohane's erratic driving, and his association with a known heroin user are added to the equation, the detectives had the profile of a man who was more likely than not engaging in illegal criminal behavior. Based on the totality of the circumstances, the police drew a reasonable inference from verified information and properly stopped Keohane to investigate their suspicions.

We hold that the investigating stop and subsequent search of the van conducted by the police before the defendant was arrested were constitutionally proper and justified; therefore, the motion to suppress was properly denied.

For the reasons stated herein, the defendant's appeal is denied and the judgment is affirmed. The papers in this case are remanded to the Superior Court.

Justice LEDERBERG participated in all proceedings but deceased prior to the filing of this opinion.