**STATE**

v.

**Jeffrey DUSTIN.**

**No. 2004–0303–C.A.**

Supreme Court of Rhode Island.

June 6, 2005.

Aaron L. Weisman, Esq., Providence, for Plaintiff.

Paula Rosin, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

PER CURIAM.

The defendant, Jeffrey Dustin (defendant), appeals from convictions for possession of cocaine and possession of marijuana handed down after he stipulated to the evidence on record and waived his right to a jury trial. We are asked to consider whether the hearing justice erred in denying the defendant's pretrial motion to suppress the marijuana and cocaine based on the theory that the search exposing the narcotics violated his constitutional rights.

This case came before the Supreme Court for oral argument on May 11, 2005, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments raised by counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and proceed to decide the appeal at this time.

For the reasons indicated herein, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

The facts of this case are not in dispute. On April 7, 2003, Woonsocket Police Officer Brad Scully (Officer Scully) was dispatched to 823 Park Avenue to investigate a breaking and entering in progress. When he pulled up to the multi-family dwelling, Officer Scully observed defendant standing on the second-floor porch with a footlong object in his hand and two fellow officers taking cover around the side of the building. When Officer Scully exited his vehicle, the officers stepped out to the sidewalk, pointed their guns at defendant, and told him to put his hands up. The defendant hesitated and furtively moved his hands behind his back before putting them up.

Officer Scully then ran up to the second-floor porch, which was accessible by a hallway inside the building, and handcuffed defendant. Immediately thereafter, he removed a large hatchet from defendant's back pocket and observed that the exterior door to one of the apartments had been hacked repeatedly with a sharp object such as the hatchet and that it was hanging from one hinge. Officer Scully and another officer searched the apartment but found nothing to be out of place.[1] The defendant was then patted down for more weapons, but none was found. Officer Scully did, however, find one package of marijuana and two packages of cocaine in defendant's pockets.

The defendant ultimately was charged with possession of marijuana and possession of cocaine. An additional charge of breaking and entering later was dropped when the landlord declined to prosecute.

In a pretrial motion, defendant asked the court to suppress the marijuana and cocaine, claiming the officers did not have probable cause to arrest him when they did, and, therefore, that the search incident to the arrest was unlawful. After hearing testimony from Officer Scully, a hearing justice determined that the officers had sufficient probable cause to make the arrest based on a report of a breaking and entering in progress on the second floor of the building and then seeing defendant standing on the second-floor porch with an object in his hands. Accordingly, the hearing justice denied defendant's motion.

The defendant then stipulated to the criminal information packet[2] and waived his right to a jury trial. He was convicted on both counts and sentenced to thirty days to serve at the Adult Correctional Institutions, suspended, and one year of probation. That sentence was stayed pending appeal.

# II

## Discussion

■ Before addressing the merits of defendant's argument, we pause to consider the propriety of this appeal. It is well settled that a defendant who enters a conditional plea of guilty or nolo contendere waives his or her right to appeal the hearing justice's denial of any pretrial motions to suppress. *State v. Keohane,* 814 A.2d

---

1. The police later discovered that defendant's girlfriend had lived in that apartment.

2. Included in the criminal information packet were the narcotics, toxicology reports identifying the substances as marijuana and cocaine, and a police report detailing the arrest and subsequent search.

327, 328–29 (R.I.2003) (citing *State v. Feng,* 421 A.2d 1258, 1263 n. 5 (R.I.1980)). The question, here, is whether defendant waived his right to appeal by stipulating to the record rather than proceeding to a trial.

█ It is with reservation that we conclude that the adversarial nature of the proceedings below were sufficient to preserve the hearing justice's denial of defendant's pretrial motion to suppress. We are mindful that defendant's decision to stipulate to the facts on record was not in accordance with any plea agreement. This Court will not allow a defendant to circumvent our holding in *Keohane*—and escape the consequences of admitting guilt or pleading no contest—by forcing the court to find him guilty and impose a sentence in the absence of an adversarial proceeding and without the benefit of a presentencing report. In this instance, because we are satisfied that defendant's conviction was handed down after a sufficiently adversarial proceeding, we conclude that he did not waive his right to appeal.

█ We turn now to the merits of defendant's appeal and affirm his convictions. "This Court reviews *de novo* alleged violations of constitutional rights." *State v. Foster,* 842 A.2d 1047, 1049 (R.I.2004) (citing *Keohane,* 814 A.2d at 329). The defendant argues that the police officers lacked probable cause to arrest him and, therefore, that the search incident to his arrest was unconstitutional.

█ The issue before us is not whether defendant was under arrest when the narcotics were found in his pockets, but whether the search revealing the drugs was itself constitutional. We have held that "[s]tanding alone, 'the use of handcuffs does not necessarily turn an encounter into an arrest for which probable cause is required.' " *State v. Apalakis,* 797 A.2d 440, 445–46 (R.I.2002) (quoting *United States v. Fountain,* 2 F.3d 656, 666 (6th Cir.1993)). However, "[w]henever a police officer detains a person, 'even if briefly, * * * the detention must [conform] with the strictures' " of the Fourth Amendment to the United States Constitution and article 1, section 6, of the Rhode Island Constitution. *Foster,* 842 A.2d at 1050 (quoting *State v. Bjerke,* 697 A.2d 1069, 1071 (R.I.1997) (alteration in original)).

█ Both this Court and the United States Supreme Court have recognized that "some seizures admittedly covered by the Fourth Amendment constitute such limited intrusions on the personal security of those detained and are justified by such substantial law enforcement interests that they may be made on less than probable cause, so long as police have an articulable basis for suspecting criminal activity." *Foster,* 842 A.2d at 1050 (quoting *Michigan v. Summers,* 452 U.S. 692, 699, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981)). In determining whether a search or seizure offends a defendant's constitutional rights, courts must balance "the intrusion on the defendant's privacy with the opposing interests of law enforcement in crime prevention and detection and the police officer[s'] safety." *Id.* (citing *Summers,* 452 U.S. at 697–98, 101 S.Ct. 2587). The following factors should be considered in determining the reasonableness of a police officer's suspicion prior to searching or seizing a suspect: "the location in which the conduct occurred, the time at which the incident occurred, the suspicious conduct or unusual appearance of the suspect, and the personal knowledge and experience of the police officer." *Keohane,* 814 A.2d at 330 (quoting *State v. Holdsworth,* 798 A.2d 917, 921 (R.I.2002)).

█ In this case, the police received a call—after dark—informing them that a breaking and entering was in progress on

the second floor of the building at 823 Park Avenue. Several Woonsocket police officers immediately were dispatched to the address where they found the defendant standing on the second-floor porch with a large object in his hand. With their guns drawn, the officers told the defendant to raise his hands, but before doing so, the defendant furtively placed behind him what soon was discovered to be a hatchet. While two of the officers waited below to secure the perimeter, Officer Scully went by himself upstairs to investigate the crime. Officer Scully, who was alone with the defendant, took the necessary precautions to protect himself from this armed suspect by handcuffing him before he searched for weapons; the large hatchet sticking out of the defendant's back pocket was found even before a search had begun. Officer Scully then investigated further and observed the door that clearly had been hit repeatedly with the hatchet. We conclude that at no time during the search and subsequent arrest of the defendant did Officer Scully violate the defendant's Fourth Amendment rights. Based on all the evidence before him, Officer Scully had probable cause to believe that the defendant was involved in the breaking and entering in progress. We affirm the hearing justice's denial of the defendant's motion to suppress.[3]

## Conclusion

For the reasons stated above, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.

---

**3.** We note that these facts also could satisfy probable cause necessary for an arrest.