STATE

v.

Norman BEECHUM.

No. 2004–174–C.A.

Supreme Court of Rhode Island.

Oct. 25, 2007.

Rebecca Tedford Partington, Providence, for Plaintiff.

Robert B. Mann, Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Chief Justice WILLIAMS, for the Court.

The defendant, Norman Beechum (defendant), appeals his conviction for second-degree murder after a bench trial based on stipulated facts. The defendant appeals his conviction based solely on the constitutionality of Rhode Island's jury selection process under the Sixth and Fourteenth Amendments to the United States Constitution, article 1, sections 2, 7, and 10, of the Rhode Island Constitution, and 18 U.S.C. § 243. Because we conclude that the issue of jury selection is not properly before this Court, we do not reach the substance of the defendant's constitutional arguments.

## I

### Facts and Travel

The facts in this case were undisputed at the time of trial and are undisputed on appeal. The defendant stabbed and killed Gerald Richardson on April 24, 1987, over a long-standing personal grudge. Before the commencement of trial, defendant made a number of pretrial motions, including a motion to dismiss the indictment for undue delay and a motion to dismiss due to allegedly unconstitutional jury selection. The defendant argues that certain minority and geographic groups were underrepresented in the pool of potential grand jurors.

Early in the trial, defendant moved to incorporate into the record large portions of the record from an unrelated trial in the Superior Court, *State v. Tremblay*, P1/97–1816AB, 2003 WL 23018762, 2003 R.I.Super. Lexis 45 (R.I.Super.Ct. Mar. 19, 2003). The defendant in *Tremblay* presented a similar challenge to Rhode Island's jury selection process before the same trial justice. In a bid to save time and duplicative effort, defendant adopted the arguments and supporting documents from *Tremblay* relating to jury selection. With the state's permission, the trial justice incorporated his decision denying the motion to dismiss for improper jury selection in *Tremblay* into the record in the present case. Trial proceeded accordingly.

On the second day of trial, defendant agreed to a so-called "stipulated-facts trial" in exchange for an amended indictment to second-degree murder and a recommendation of a maximum jail sentence of twenty years. In accordance with this agreement, defendant waived his right to a jury trial and his right to cross-examine any witnesses. The effect of this agreement was that defendant waived his appeal on all issues except the one before this Court and agreed to a bench trial based on facts that the state submitted to the trial justice. The defendant did not present a defense at trial and did not cross-examine any witnesses.

After reviewing the record before the court, the trial justice found defendant guilty of second-degree murder and subsequently sentenced him to forty years, with twenty to serve and twenty suspended.

## II

### Analysis

■ On appeal defendant argues that the trial justice erred in denying his mo-

tion to dismiss the indictment based on exclusion of certain groups from the jury pool. Whether juries in Rhode Island are representative of the community is an issue of utmost importance. "For racial discrimination to result in the exclusion from jury service of otherwise qualified groups not only violates our Constitution and the laws enacted under it but is at war with our basic concepts of a democratic society and a representative government." *Smith v. Texas,* 311 U.S. 128, 130, 61 S.Ct. 164, 85 L.Ed. 84 (1940). We do not reach defendant's arguments, however, because defendant did not present a justiciable issue for this Court's consideration and did not preserve the denial of his pretrial motion for appeal.

## A

### Justiciability

■ The requirement of justiciability is one of the most basic limitations on the power of this Court to review and issue rulings. *See Taylor v. Place,* 4 R.I. 324, 337 (1856). "[L]aws and courts have their origin in the necessity of rules and means to enforce them, to be applied to *cases and controversies* within their jurisdiction * * *." *Id.* (Emphasis added.) In keeping with this principle of limited judicial power, this Court "will not issue advisory opinions or rule on abstract questions." *Vose v. Rhode Island Brotherhood of Correctional Officers,* 587 A.2d 913, 915 n. 2 (R.I.1991).

■ Accordingly, we will not rule on an issue unless it involves a present case or controversy affecting the parties bringing the appeal. *See State v. Lead Industries Association, Inc.,* 898 A.2d 1234, 1237–38 (R.I.2006) (discussing justiciability and the importance of a present case or

controversy). It follows from this that we cannot rule on a controversy from a previously resolved matter that is not before this Court. *See id.; see also Sullivan v. Chafee,* 703 A.2d 748, 752 (R.I.1997) (requiring an actual justiciable controversy).

After careful review, we conclude that jury selection is not a justiciable issue in this case. First, defendant waived his right to a jury trial and was convicted by a trial justice sitting without a petit jury. *See, e.g., Morris v. D'Amario,* 416 A.2d 137, 139 (R.I.1980) ("[a]s a general rule we only consider cases involving issues in dispute"). Second, pursuant to Rule 7(e) of the Superior Court Rules of Criminal Procedure, defendant agreed to an indictment amended by the state without the assistance of a grand jury. *Id.* ("At any time prior to verdict or finding, the court may with the consent of the defendant permit the indictment to be amended * * * to charge a lesser included offense."). The defendant was not convicted on the grand jury indictment, but on the state's amended indictment. The defendant then appealed the conviction, which was obtained without a jury trial or grand jury indictment, on the ground that Rhode Island's jury selection system is unconstitutional.

■ Jury selection is clearly not a justiciable issue in this case because defendant's conviction did not result from the deliberations of any petit or grand jury. *See Credit Union Central Falls v. Groff,* 871 A.2d 364, 368–69 (R.I.2005) (discussing justiciability generally and mootness specifically). Any ruling this Court might make on jury selection would be both irrelevant to this defendant's case and purely abstract. A purely abstract question of this sort is not justiciable.[1] *Id.*

1. Rarely, this Court will rule on abstract or moot questions "of extreme public impor- tance, which are capable of repetition but which evade review." *Morris v. D'Amario,*

Furthermore, defendant did not overcome this justiciability defect by incorporating the record from *Tremblay* into the record in his case. The conviction in *Tremblay* is not before this Court and, as such, the issues in that case are not justiciable in defendant's case. *See Morris,* 416 A.2d at 139. The incorporation of the trial record from another matter is not the proper means for this defendant to bring this important constitutional challenge. *See Lead Industries Association, Inc.,* 898 A.2d at 1239 ("[a] policy favoring the hasty review of constitutional questions would be ill-advised").

In light of the foregoing we conclude that defendant did not present this Court with a justiciable issue concerning jury selection.

## B

### Preservation of Appeal on Pretrial Motion

■ Additionally, defendant did not properly preserve an appeal on his pretrial motion to dismiss. "This Court has never recognized a right to a conditional plea subject to appeal * * *." *State v. Keohane,* 814 A.2d 327, 329 (R.I.2003). Furthermore, a "stipulated-facts trial" cannot be used to circumvent this jurisdiction's rule that a defendant may not enter into a conditional plea subject to appeal on a pretrial motion. *State v. Dustin,* 874 A.2d 244, 247 (R.I.2005) ("This Court will not allow a defendant to circumvent our holding in *Keohane*—and .escape the consequences of admitting guilt or pleading no contest—by forcing the court to find him

guilty and impose a sentence in the absence of an adversarial proceeding.").

In this case, defendant waived his right to a jury trial, agreed to an amended indictment for a lesser included offense, and stood trial without contesting any of the facts that would clearly satisfy the elements of the offense charged. Counsel for both parties conceded during oral arguments that the purpose of this procedure was to preserve an appeal on the pretrial motion to dismiss and to avoid the expense and uncertainty of a jury trial. Use of this procedure ensured the state a conviction and afforded defendant a reduced charge and a significantly reduced sentence.

■ Put simply, the parties entered into what was tantamount to a conditional plea by amended indictment in an attempt to circumvent the rule in *Keohane.*[2] *See Keohane,* 814 A.2d at 329. We will not sanction the use of this procedure to achieve the precise result barred in *Keohane. Dustin,* 874 A.2d at 247. The defendant effectively waived his right of appeal on the pretrial motion to dismiss when he agreed to amend the indictment and stipulate to the state's facts. *Keohane,* 814 A.2d at 329 ("The defendant's guilty plea acted as an effective waiver of his right of appeal * * *."); *see also Linkey v. State,* 46 Md.App. 312, 416 A.2d 286, 289 (Ct. Spec.App.1980) (In the Fourth Amendment context a defendant cannot use a conditional plea to "absolve the prosecutor * * * by conceding the ultimate facts sought to be proved by the allegedly improper evidence" and then appeal the use of that evidence.). We therefore conclude

416 A.2d 137, 139 (R.I.1980). The instant case does not fall under this narrow exception because, as defense counsel indicated at oral argument, this very issue has been raised and appealed by a number of other defendants, and so it will not "evade review." *Id.*

2. The trial justice admitted as much when he explained that "it is, in effect, a slow guilty plea." A "slow guilty plea" is just another name for a conditional plea. *See Boyde v. Brown,* 404 F.3d 1159, 1164 n. 5 (9th Cir. 2005).

that the defendant's appeal is not properly before this Court.

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court and remand the case to the Superior Court.