STATE

v.

Dora M. PAIVA.

No. 2007–33–C.A.

Supreme Court of Rhode Island.

April 3, 2009.

Virginia M. McGinn, Providence, for Plaintiff.

Janice M. Weisfeld, Providence, for Defendant.

Present: GOLDBERG, Acting C.J., FLAHERTY, SUTTELL, ROBINSON, JJ., and WILLIAMS, C.J. (ret.).

## OPINION

Chief Justice WILLIAMS (ret.), for the Court.

The defendant, Dora M. Paiva (defendant), was convicted of one count of possession of cocaine after she stipulated to the evidence on record and waived her right to a jury trial. She appeals the hearing justice's decision to deny her suppression motion, arguing that the arresting officer's initial investigatory stop was devoid of reasonable suspicion.

### I

### Facts and Travel

At approximately 9:20 p.m. on July 17, 2005, Sergeant Julio Medeiros, an eighteen-year veteran of the Smithfield Police Department, noticed headlights on Lydia Ann Road heading toward the intersection at Douglas Pike, in Smithfield, Rhode Island. From Douglas Pike, Lydia Ann Road starts off as a blacktop road, abutted by a few businesses, but progresses into the forest and becomes a bumpy, dirt-and-gravel road. Smithfield police officers regularly patrol the wooded portion of Lydia Ann Road because, over the course of Sergeant Medeiros's career, it had become a site of "kids partying, fireworks, and drugs," as well as a dumping ground for cars, an old gun range, and the scene of two homicides.

At the time Sergeant Medeiros noticed the headlights on Lydia Ann Road he had not been dispatched for any complaint, nor was he acting on any tip. When he saw a vehicle traveling slowly up the road, however, he became suspicious. He therefore pulled into the "last little business on the right" of Lydia Ann Road, waiting for the vehicle to pass by. Unaware of who was in the vehicle or what they were doing, and noticing no traffic infractions, Sergeant Medeiros turned on his overhead lights and pulled the driver over.

When the officer approached the vehicle he observed the driver, a male, and defendant, a female passenger. The two were "disheveled": his pants zipper undone; her blouse unbuttoned. Sergeant Medeiros immediately called for backup, asked the parties for identification, and ran a license and warrant check on both. He discovered that defendant had an outstanding warrant for her arrest for failure to appear, loitering, and prostitution. The officer placed defendant under arrest, but allowed the driver to proceed on his way.

At the police station, defendant indicated that she wanted a cigarette from her purse, just before the police were to inventory her belongings. While he was retrieving a cigarette from her purse, Sergeant Medeiros noticed what appeared to be a small rock of crack cocaine, and upon further investigation, noticed a few more pieces in her purse. Sergeant Medeiros performed a field test, which determined the substance to be, indeed, crack cocaine.

The defendant thereafter was charged with one count of possession of cocaine in violation of G.L. 1956 § 21–28–4.01(c)(2)(i). She filed a motion to suppress the cocaine evidence, arguing that Sergeant Medeiros's initial stop of the vehicle was done without reasonable suspicion, and therefore violated her constitutional rights. A hearing on the issue was held on July 25, 2006.

The only witness to testify at the suppression hearing was Sergeant Medeiros. The state entered into evidence the crack cocaine rocks found in defendant's purse, as well as a toxicology report generated from the Rhode Island Department of Health. The defendant stipulated that the substance was, in fact, cocaine. The hearing justice denied defendant's motion to suppress and set the matter down for trial later the same day.

In the afternoon session, after a conference with the hearing justice, defendant agreed to waive her right to a jury trial and stipulate that the record evidence presented at the suppression hearing would be the only evidence that the hearing (now trial) justice need consider in rendering his decision. Furthermore, with the understanding that the state would seek a probationary sentence, defendant waived her right to a presentence report. The trial justice thereafter found defendant guilty; she was sentenced to three years' probation.

## II

### Analysis

On appeal, defendant argues that the trial justice erroneously denied her motion to suppress, alleging that the arresting officer lacked the requisite reasonable suspicion needed to make the initial stop of the vehicle. We must first, however, determine whether defendant properly preserved this issue for appeal.

A well-established rule in this jurisdiction precludes a conditional plea of guilty subject to an appeal of pretrial motions. *See State v. Beechum*, 933 A.2d 687, 690 (R.I.2007); *State v. Dustin*, 874 A.2d 244, 246 (R.I.2005); *State v. Keohane*, 814 A.2d 327, 329 (R.I.2003); *State v. Soares*,

633 A.2d 1356, 1356 (R.I.1993) (mem.). We previously have noted that although Rule 11 of the Federal Rules of Criminal Procedure provides a defendant with such a possibility, its Rhode Island counterpart is silent on the issue. *Keohane*, 814 A.2d at 329; *Soares*, 633 A.2d at 1356.[1] We again decline to recognize such an option.

◼ Moreover, we recently held that we will not allow a defendant to circumvent our rule against conditional pleas subject to an appeal of pretrial motions and "escape the consequences of admitting guilt or pleading no contest—by forcing the court to find him guilty and impose a sentence in the absence of an adversarial proceeding and without the benefit of a presentence report." *Dustin*, 874 A.2d at 247; *see also Beechum*, 933 A.2d at 690. Although we proceeded to the merits in *Dustin*—in which the defendant also agreed to a jury-waived, stipulated-evidence trial—we noted that we did so with express reservation. *Dustin*, 874 A.2d at 246. Today we make certain that our rule is firm: we will not sanction any agreement or procedure designed to circumvent our rule against conditional pleas. *See Beechum*, 933 A.2d at 690.

◼ Here, there is a strong indication on the record before us that the disposition below was nothing more than a conditional plea packaged as a jury-waived trial. For instance, the trial justice stated that "it is often said that a stipulated fact trial, if you want to call them that, are nothing more than a slow guilty plea. To the extent that anybody suggests that is all this is, I hope they wouldn't * * *." Yet, he continued by informing defendant of possible consequences to her immigration status as a result of her case's disposition—an admonition required by statute when a defendant agrees to enter a plea of guilty or *nolo contendere*. G.L. 1956 § 12–12–22. Additionally, after accepting defendant's waiver of a jury trial and her stipulation to the evidence presented, the trial justice explained to defendant that the "purpose of doing this is so that your lawyer, should you desire to pursue it, can appeal the ruling I made denying the motion to suppress." Pertinent also was defendant's willingness to waive her presentence report because the state had recommended a probationary sentence.

It is our concern that the proceedings below were insufficiently adversarial to preserve for appeal the trial justice's denial of the defendant's pretrial motion to suppress, and that the parties transgressed our rule against conditional pleas. *See Dustin*, 874 A.2d at 247. We accordingly remand this case for findings and a determination of whether there was indeed an agreed-upon disposition in exchange for

1. Rule 11(a)(2) of the Federal Rules of Criminal Procedure provides that:

"With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea."

Such language is noticeably absent in our own Rule 11 of the Superior Court Rules of Criminal Procedure, which provides that:

"A defendant may plead not guilty, guilty or, with the consent of the court, nolo con-

tendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty or nolo contendere unless it is satisfied that there is a factual basis for the plea."

a waiver of a jury trial. If so, in light of the trial justice's statement to the defendant that she could contest his decision on her motion to suppress, the defendant may, at her election, move to reopen the evidence so that a sufficiently adversarial jury-waived trial may occur. If a determination is made that there was no agreed-upon disposition, the court shall set forth the reasons and the record shall be returned to this Court forthwith.

## Conclusion

For the foregoing reasons, we remand this case to the Superior Court for proceedings consistent with this opinion.