#25498-rev & rem-JKM

**2010 S.D. 87**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,                                    Plaintiff and Appellee,

v.

NICHOLAS RONDELL,                                    Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE FIFTH JUDICIAL CIRCUIT
ROBERTS COUNTY, SOUTH DAKOTA
\* \* \* \*

HONORABLE JON S. FLEMMER
Judge

\* \* \* \*

MARTY J. JACKLEY
Attorney General

CRAIG M. EICHSTADT
Assistant Attorney General                        Attorneys for plaintiff
Pierre, South Dakota                               and appellee.

ADAM G. BRIDGE
Sisseton-Wahpeton Oyate
 Public Defender's Office                          Attorney for defendant
Agency Village, South Dakota                       and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON OCTOBER 4, 2010

OPINION FILED **11/17/10**

#25498

MEIERHENRY, Justice

[¶1.]        Nicholas Rondell appeals an adverse ruling on a suppression motion. Rondell was arrested for driving while under the influence of alcohol. Rondell claimed that the traffic stop was an unconstitutional search and seizure and moved to suppress evidence resulting from the stop. After the trial court denied Rondell's motion, he entered into a plea agreement with the State. The State and Rondell agreed that Rondell would enter a "conditional guilty plea" to preserve his right to appeal the court's adverse suppression motion ruling. The trial court accepted the conditional guilty plea – also with the understanding that the agreement contemplated that Rondell was preserving his right to appeal. On appeal, but without filing a notice of review, the State raises the issue whether Rondell waived his right to appeal. The State claims that South Dakota law does not provide for a conditional guilty plea and that a benefit of the bargain plea under *North Carolina v. Alford* waives all non-jurisdictional defects, including allegations of an unconstitutional traffic stop.[1] Generally we do not consider issues that have not been raised to the trial court or noticed for review. *Hall v. State ex rel. S.D. Dep't of Transp.*, 2006 S.D. 24, ¶ 12, 712 N.W.2d 22, 26. Nevertheless, the unique plea

---

1.     In *North Carolina v. Alford*, the United States Supreme Court held that a plea can be entered by a defendant who maintains his innocence or is unable or unwilling to admit that he committed a crime. 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171 (1970). This Court recognized in *State v. Engelmann* that an *Alford* plea "allows a defendant the opportunity to avoid the risk of trial and obtain the benefit of a favorable plea bargain 'even if he is unwilling or unable to admit his participation in the acts constituting the crime.'" 541 N.W.2d 96, 101 (S.D. 1995) (quoting *Alford*, 400 U.S. at 37, 91 S.Ct. at 167).

-1-

agreement between Rondell and the State involving a conditional guilty plea prompts us to question the trial court's jurisdiction. We therefore address the question whether a trial court has authority to accept a conditional plea.

## Facts

[¶2.] Rondell was arrested for: driving under the influence of alcohol, third offense, a violation of SDCL 32-23-1; driving with a revoked license, a violation of SDCL 32-23-4; possession of an open container, a violation of SDCL 35-1-9.1; and underage consumption, a violation of SDCL 35-9-2. Before trial, Rondell filed a motion to suppress evidence gathered the night he was arrested. Rondell argued to the trial court that the officer did not have reasonable suspicion to make a lawful traffic stop. The trial court denied Rondell's motion, finding that reasonable suspicion justified the stop. After his suppression motion was denied, Rondell changed his not guilty plea to a conditional guilty plea. In exchange for Rondell's plea, the state's attorney dismissed the charges for underage consumption, open container, and driving with a revoked license.

[¶3.] The State, Rondell, and the trial court understood that the plea was entered as a conditional plea. The following exchange took place at the plea hearing:

Rondell's Attorney: I'll outline [the plea agreement] for the Court. Mr. Rondell's agreed to withdraw his earlier not guilty plea, enter a conditional guilty plea to the charge of DUI, Third Offense. Thereby preserving his right to appeal [ ] [the] [d]enial of the motion to suppress but saving the State the burden of trial. In [ ] exchange I believe the State will not proceed on the misdemeanor charges and will not oppose Mr. Rondell's request for a sentence to run

|                      | concurrent to a sentence that he's looking at in Brown County[.] |
|----------------------|--------------------------------------------------------------------|
| Trial Court:         | Is that the extent of the agreement [Rondell's attorney]? |
| Rondell's Attorney:  | Yes, Your Honor. |
| Trial Court:         | And, [state's attorney], is that the State's understanding of the agreement? |
| State's Attorney:    | Yes, Your Honor. |
| Trial Court:         | And, Mr. Rondell, is that your understanding of the agreement that you've made with the [s]tate's [a]ttorney? |
| Rondell:             | Yes, Your Honor. |
| Trial Court:         | And I guess by a conditional plea, [Rondell's attorney], you're referring to an Alfred [sic] plea basically where the Defendant is not admitting the offense but wishes to accept the benefit of the offer made by the State?[2] |
| Rondell's Attorney:  | Yes, Your Honor. |
| . . .                | |
| Trial Court:         | And just so that we're clear, the agreement calls for [Rondell] to enter an Alfred [sic] plea of guilty to the charge and the recommendation being made to the Court is to allow any sentence imposed here to the penitentiary to be allowed to run concurrently or at the same time as any sentence you receive on another charge in Brown County[.] |
| . . .                | |
| Trial Court:         | And just so that we're clear for the record, you wish to enter what's called an Alfred [sic] plea in that |

---

2.    Although the trial court refers to this as an *Alford* (or Alfred) plea, the record demonstrates that Rondell, the State, and the trial court understood that the plea was a conditional plea, not an unconditional *Alford* plea.

you are not necessarily admitting that you committed the offense but you wish to accept or enter a plea of guilty in order to receive the benefit of the agreement that the State is offering in this case?

Rondell:                         Yes, Your Honor.

. . .

Trial Court:                     [T]hat also because there was the issue on the suppression hearing, here, I should advise you that you do have the right to appeal your decision here but that appeal would have to be filed within 30 days of when the written judgment of conviction is filed[.]

## Analysis

[¶4.]        The only pleas permitted in South Dakota are set forth in SDCL 23A-7-2 (Rule 11(a)) as follows:

> Pleas permitted to defendant - Requirements for plea of guilty or nolo contendere.
>         A defendant may plead:
> (1)        Not guilty;
> (2)        Not guilty and not guilty by reason of insanity;
> (3)        Guilty;
> (4)        Nolo contendere; or
> (5)        Guilty but mentally ill.
>         Except as otherwise specifically provided, a plea of guilty or nolo contendere can only be entered by a defendant himself in open court.  If a defendant refuses to plead, or if the court refuses to accept a plea of guilty or nolo contendere, the court shall enter a plea of not guilty.  The court may not enter a judgment unless it is satisfied that there is a factual basis for any plea except a plea of nolo contendere.

This statute does not provide for conditional pleas.

[¶5.]        As support for his argument that South Dakota could permit conditional pleas, Rondell points to Federal Rule of Criminal Procedure 11(a)(2).

Federal Rule 11(a)(2) permits conditional pleas under certain circumstances. The Federal Rule provides: "With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea." *Id.*

[¶6.] Rondell recognizes that South Dakota has not adopted a similar rule, but asserts that "there is nothing in South Dakota's Rules of Criminal Procedure that prohibits a conditional plea or the preservation of appeal rights following a guilty plea." Conversely, the State argues that without a rule, the trial court lacks jurisdiction to accept a conditional guilty plea.[3]

[¶7.] The Rhode Island Supreme Court faced a similar question in *State v. Keohane*, 814 A.2d 327 (R.I. 2003). The *Keohane* court addressed whether a defendant's conditional plea agreement, which was not authorized by statute, could preserve for appeal a trial court's denial of the defendant's motion to suppress. *Id.* at 328-29. The *Keohane* court held that Rhode Island statutes did not give the trial court the "authority to accept a conditional plea of guilty . . . preserving the right of the defendant to obtain review of the adverse determination of any specified pretrial motion." *Id.* at 329. The *Keohane* court further stated that "[t]he defendant's guilty plea acted as an effective waiver of his right of appeal; thus, the appeal [wa]s not properly before [the] Court." *Id.* As a result, the *Keohane* court refused to recognize

---

3. The State points out that a defendant wishing to preserve appeal rights can enter a not guilty plea but stipulate to the facts. That allows the trial court to adjudicate the case and the defendant to appeal adverse rulings.

"a right to a conditional plea subject to appeal" because such a right did not exist by statute. *Id.*

[¶8.] Like Rhode Island, South Dakota does not provide for a conditional guilty plea by statute or court rule. As such, we decline to recognize a conditional plea's validity. Consequently, there was no authority for Rondell and the State to agree to a conditional guilty plea or for the trial court to accept the conditional plea. *Cf. State v. Olson*, 334 N.W.2d 49, 50 (S.D. 1983) ("This [C]ourt's jurisdiction to entertain appeals is limited by statute . . . and it is left to the [L]egislature to expand the right to appeal."); *State v. Texley*, 275 N.W.2d 872, 874 (S.D. 1979); *State v. Nuwi Nini*, 262 N.W.2d 758, 760 (S.D. 1978) ("The right to appeal is statutory and therefore does not exist in the absence of a statute permitting it.").

[¶9.] The State takes a rather precarious position on appeal. Initially, the State agreed, as part of the plea agreement, that Rondell would enter a conditional guilty plea. Now, the State asks this Court to hold that Rondell's conditional plea be considered an unconditional guilty plea waiving all non-jurisdictional appeal rights. We have said that when a party "induce[s] or provoke[s] the court or the opposite party to commit" an error, the doctrine of "invited error" applies and that party "will not be heard to complain on appeal" about such error. *Veith v. O'Brien*, 2007 S.D. 88, ¶ 27, 739 N.W.2d 15, 24, (quoting *Taylor Realty Co. v. Haberling*, 365 N.W.2d 870, 873 (S.D. 1985) (additional citation omitted)). In this case, the State contributed to the error by affirmatively approving, rather than objecting to, Rondell's conditional plea.

[¶10.]    This case presents an unusual situation where Rondell, the State, and the trial court agreed on a conditional plea, which had no legal basis in statute or court rule.  Therefore we conclude that the trial court did not have jurisdiction to accept Rondell's conditional plea.  As a result, we hold that Rondell's conditional guilty plea is void.  We reverse and remand for further proceedings consistent with this opinion.

[¶11.]    GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and SEVERSON, Justices, concur.