#28127-a-SLZ
**2017 S.D. 94**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                         Plaintiff and Appellee,

    v.

CLINT BOLTON,                                  Defendant and Appellant.


* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE MATTHEW M. BROWN
Judge

* * * *

MARTY J. JACKLEY
Attorney General

GRANT FLYNN
Assistant Attorney General
Pierre, South Dakota                    Attorneys for plaintiff
                                        and appellee.


TIMOTHY J. RENSCH of
Rensch Law Office
Rapid City, South Dakota                Attorneys for defendant
                                        and appellant.


* * * *

CONSIDERED ON BRIEFS
ON AUGUST 28, 2017

OPINION FILED **12/27/17**

#28127

ZINTER, Justice

[¶1.]      This appeal raises the question whether sentencing courts have the power to suspend execution of sentence on the condition of good behavior for periods longer than the authorized maximum term of imprisonment.  We conclude that sentencing courts have such power because it has been delegated to them by the Constitution and the Legislature has not restricted it.

*Facts and Procedural History*

[¶2.]      Clint Bolton was charged with alternative counts of simple assault, a class 1 misdemeanor.  Pursuant to a plea agreement, the State filed an amended complaint charging disorderly conduct, a class 2 misdemeanor.  Class 2 misdemeanors carry a maximum sentence of thirty days in jail or a $500 fine or both.  SDCL 22-6-2.  The State also agreed to recommend a thirty-day jail sentence with all thirty days suspended.  Bolton agreed to the plea agreement, and counsel entered a no contest plea to disorderly conduct on Bolton's behalf.[1]

[¶3.]      The magistrate court accepted the plea and imposed a thirty-day jail sentence.  The court then suspended execution of that sentence on the condition that Bolton obey all laws and remain on good behavior for six months.  Bolton's attorney immediately objected to the sentence.  He argued the court could not condition a suspended execution of sentence for a period longer than thirty days, the statutory maximum term of imprisonment for class 2 misdemeanors.  The court invited counsel to brief the issue.

---

1.     Bolton was not present.  His counsel entered an *Alford* "benefit of the bargain plea."  *See State v. Rondell*, 2010 S.D. 87, ¶ 1 n.1, 791 N.W.2d 641, 642 n.1.

[¶4.]        In lieu of briefing, Bolton filed a motion to correct an illegal sentence. The magistrate court denied the motion.  Relying on *State v. Macy*, the court concluded it was permitted to conditionally suspend execution of sentence for periods that exceed the maximum term of imprisonment for the underlying offense. *See State v. Macy*, 403 N.W.2d 743, 745 (S.D. 1987) (stating sentencing courts have complete discretion in setting the length of probation when the court suspends *imposition* of sentence).  Following the circuit court's affirmance, we granted Bolton's petition for intermediate appeal.

*Decision*

[¶5.]        As a preliminary matter, the State argues Bolton's appeal is moot because his sentence was complete on January 17, 2017.  However, this Court may "determine a moot question of public importance if we feel that the value of its determination as a precedent is sufficient to overcome the rule against considering moot questions." *Larson v. Krebs*, 2017 S.D. 39, ¶ 16, 898 N.W.2d 10, 16-17.  The public interest exception requires "general public importance, probable future recurrence, and probable future mootness." *Id.*

[¶6.]        The issue raised in Bolton's appeal meets these requirements.  The magistrate court indicated that it conditionally suspended sentences in class 2 misdemeanors for six months "just about every day."  The issue will also continue to evade review because the relatively short sentences imposed in this kind of case expire before an appeal can be completed.  It is finally an issue of general public importance.  If such sentences are illegal, they are being improperly imposed on not only the thousands of people sentenced for very low-level offenses, but potentially on

those felons that require long and extensive court supervision on suspended sentences. We exercise our discretion to address the issue.

[¶7.] The specific issue is whether a sentencing court may conditionally suspend execution of sentence for a period that exceeds the statutory maximum term of imprisonment for the offense. Bolton argues such sentences are illegal. He contends there is no case or statute that authorizes such suspensions. Although he relies on a number of our precedents that have touched on the legality of various suspended sentences, none of them address the ultimate question here: whether sentencing courts have been delegated the power to suspend *execution* of sentence for periods longer than the maximum term of imprisonment.

[¶8.] This Court considered a closely related issue in *Macy*, a case involving a suspended *imposition* of sentence under SDCL 23A-27-13. We held that courts have discretion to set the period of probation beyond the maximum authorized term of imprisonment. *Macy*, 403 N.W.2d at 745. We did so in part because under SDCL 23A-27-13, a sentencing court is given express, discretionary authority over the "period" of probation. Additionally, the sentencing court must obtain the defendant's consent to the sentence. SDCL 23A-27-13.

[¶9.] Here, the magistrate court and circuit court relied on *Macy* to uphold Bolton's suspended sentence. Bolton contends that *Macy* has no application because SDCL 23A-27-18—which governs Bolton's suspended execution of sentence— contains no express grant of authority concerning the "period" of suspension, nor does it require the defendant's consent. Bolton's contentions require an examination of the source of a sentencing court's power to suspend sentences.

[¶10.] Prior to 1972, Article V, section 39 of the South Dakota Constitution delegated suspended sentence authority to the Legislature and authorized that body to delegate the power to courts. It provided: "The *Legislature may empower* all courts having jurisdiction to try offenses under the laws of this state, and the judges thereof, to suspend sentences of persons convicted . . . ." *State ex rel. Grant v. Jameson*, 70 S.D. 369, 370, 17 N.W.2d 714, 714 (1945) (emphasis added) (quoting S.D. Const. art. V, § 39 (superseded 1972)). Thus, "[t]he circuit courts of this state [did] not have the inherent authority to suspend . . . execution of a sentence." *State v. Oban*, 372 N.W.2d 125, 128 (S.D. 1985). Suspensions required a specific legislative grant of authority.

[¶11.] However, in 1972, the foregoing provision was repealed. It was replaced by an amendment to Article V, section 5, which now delegates the power to suspend sentences directly to the courts with only one limitation: "Imposition or execution of a sentence may be suspended by the court empowered to impose the sentence unless otherwise provided by law." S.D. Const. art. V, § 5. Thus, sentencing courts now possess complete authority over all aspects of suspended sentencing unless the Legislature otherwise provides by statute. Accordingly, the question here is not whether the Legislature has passed a statute specifically authorizing Bolton's suspended execution of sentence exceeding the maximum authorized term of imprisonment. The question is whether the Legislature has passed a statute limiting the court's authority to conditionally suspend sentences in such a manner.

[¶12.]     Although SDCL 23A-27-18 requires that sentences may only be suspended during good behavior, it sets no limit on the period of the suspension. The statute provides: "Upon conviction, the sentencing court may suspend the execution of any sentence imposed during good behavior, subject to such conditions or restitutions *as the court may impose*." SDCL 23A-27-18 (emphasis added). Plainly, this provision contemplates broad discretion. It contains no language limiting the period of the suspension or its conditions. It certainly does not limit a conditional suspension to the maximum term of imprisonment. Additionally, although Bolton did not consent to his suspended execution of sentence, the Legislature did not impose the consent limitation that it required to suspend imposition of sentence. *Compare* SDCL 23A-27-13 (requiring defendant's consent in suspended imposition cases), *with* SDCL 23A-27-18 (no consent required in suspended execution cases).

[¶13.]     We conclude that because the Legislature has not limited a sentencing court's discretion regarding the period of suspension, courts may in their discretion conditionally suspend execution of sentence for periods exceeding the maximum term of imprisonment. This conclusion does not mean a sentencing court may impose conditions that are unlimited or are not justified by and are clearly against reason and evidence. Unreasonable sentences are always subject to challenge for an abuse of discretion. *See State v. Rice*, 2016 S.D. 18, ¶ 23, 877 N.W.2d 75, 83. We also point out that the Constitution contemplates a legislative role in this determination. If the Legislature believes such suspended sentences should be

limited in length, Article V, section 5 empowers it to limit the period of suspension, an opportunity some other states have taken.[2]

[¶14.] Because SDCL 23A-27-18 does not limit a sentencing court's authority to determine the duration of suspended sentences, Bolton's sentence was not illegal. The circuit court did not err in affirming the magistrate court's denial of Bolton's motion to correct an illegal sentence.

[¶15.] Affirmed.

[¶16.] GILBERTSON, Chief Justice, SEVERSON and KERN, Justices, and WILBUR, Retired Justice, concur.

[¶17.] JENSEN, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.

---

2. Many states expressly limit the maximum period of suspension to a fixed number of years. *See, e.g.*, Ala. Code § 15-22-54 (West 2017) (two years for misdemeanors and five years for felonies); Mich. Comp. Laws Ann. § 771.2(1) (West 2017) (same). Several states vary the maximum period depending on the level of the offense. *See, e.g.*, Ariz. Rev. Stat. Ann. § 13-902 (West 2017) (one to three years for misdemeanors and three to ten years for felonies). Many other states expressly set the period to the maximum term of confinement either by statute or case law. *See, e.g.*, Idaho Code Ann. § 19-2601(7) (West 2017) (two years for misdemeanors and maximum period of confinement for felonies); Mont. Code Ann, § 46-18-201(2) (West 2017) (six months to maximum period of confinement, whichever is greater); *Hicklin v. State*, 535 P.2d 743, 753 (Wyo. 1975). Finally, a few states give courts discretion to suspend sentence beyond the maximum period of confinement. *See, e.g.*, Va. Code Ann. § 19.2-303.1 (West 2017) (providing that the court "may fix the period of suspension for a reasonable time . . . without regard to the maximum period for which the defendant might have been sentenced."); *State v. Wallace*, 150 P.3d 540, 543 (Utah 2006) ("[W]e find no other provision that limits the term of probation and therefore conclude that our law currently provides no statutory limitation on the length of probation a trial court may impose.").